Argued October 28, affirmed December 11, 1968

BOCK, *Appellant, v.* BEND SCHOOL
DISTRICT NO. 1, *Respondent.*

KLIPPEL ET AL, *Appellants, v.* BEND SCHOOL
DISTRICT NO. 1, *Respondent.*
448 P. 2d 521

*Carl R. Neil,* Portland, argued the cause for appellants. With him on the briefs were Krause, Lindsay & Nahstoll, Portland.

*Cecil H. Quesseth,* Salem, argued the cause for re-

spondent. With him on the brief was A. C. Goodrich, Bend.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

GOODWIN, J.

A teacher who was not rehired by the Bend School district sought a declaration that ORS 342.825 violated the equal-protection provisions of the state and federal constitutions because the section excluded from the Teacher Tenure Law (ORS 342.805 to 342.955) all districts having an average daily membership of less than 4,500 students. The companion case, which was brought by interested citizens, raises the same issues. The two cases have been consolidated for this appeal.

The trial court, ruling on demurrers to the complaints, denied relief in both cases. The judgments have the effect of a declaration that the challenged section of the Teacher Tenure Law is constitutional. Since we affirm the judgments, we do not reach the question of the standing of the plaintiffs who are not teachers, nor the question of the severability of ORS 342.825 from the remainder of the chapter in which it appears.

The Teacher Tenure Law is a comprehensive legislative scheme designed to afford teachers, after three successive years of employment by a tenure district (as defined in the chapter), security against termination of employment except upon cause shown under the procedural safeguards outlined in the law. As enacted, the Teacher Tenure Law applies to only sixteen school districts out of the more than 300 school districts in the state. Employment conditions for the bal-

ance of the districts are covered by other statutes. See, e.g., ORS 342.505 to 342.553. The employment rights of teachers in the nontenure districts are relatively meager. See *Stowe v. School Dist. No. 8-C,* 240 Or 526, 528-529, 402 P2d 740 (1965). Bend is a nontenure district, and unless the Teacher Tenure Law must be applied alike to all districts, regardless of legislative intent to the contrary, the defendant district had no duty to rehire the plaintiff teacher.

■ The plaintiff correctly asserts that a statutory classification denies equal protection of the laws if its unequal application to members of the same class has no rational basis in terms of the purposes of the act, or if the statute discriminates without any such rational basis between those to whom it applies and others similarly situated whom it excludes. *Rinaldi v. Yeager,* 384 US 305, 308-309, 86 S Ct 1497, 16 L Ed 2d 577 (1966); *McLaughlin v. Florida,* 379 US 184, 190-191, 85 S Ct 283, 13 L Ed 2d 222 (1965); *Missouri, Kansas & Texas Ry. Co. v. May,* 194 US 267, 269, 24 S Ct 638, 48 L Ed 971 (1904); *Kliks et al v. Dalles City et al,* 216 Or 160, 178-179, 185, 335 P2d 366 (1959); *Schmidt et al v. City of Cornelius,* 211 Or 505, 512-514, 316 P2d 511 (1957).

The question for decision is whether the Legislative Assembly had any rational and substantial basis for extending the benefits of the Teacher Tenure Law to teachers in the larger districts while withholding the benefits from the teachers in the smaller districts.

The school district contends that a rational basis for the classification of districts by student population can be found. One basis that has been advanced is that the smaller districts are not staffed and financed to handle the administrative burdens that the larger districts, because of their size, can absorb. ORS

342.855 illustrates one of the administrative problems facing tenure districts:

"There shall be maintained in the office of the district superintendent a file of any complaints against, commendations of or written suggestions for corrections and improvement made to each teacher by the administration. The complaints, commendations and suggestions shall be placed in such teacher's personnel file only after reasonable notice to such teacher and shall be signed by the person making the complaint, commendation or suggestion. Any denial or explanation relating to such complaint, commendation or suggestion which such teacher desires to make shall be placed in the file. The personnel file shall be open for inspection by such teacher but shall be open to other persons only in accordance with such rules and regulations as the board shall adopt."

Under ORS 342.895, a district undertakes considerable expense when it elects not to renew a permanent teacher's contract. After notice, the teacher may request a review by a panel of a professional review committee. Subsection (5) of ORS 342.895 provides:

"In all proceedings brought under the provisions of ORS 342.805 to 342.955, the school district by which the permanent teacher is employed shall pay all reasonable expenses incurred by the panel in the course of its investigation, including but not limited to the salaries of substitute teachers provided to replace panel members. However, the school district shall not be required to pay salaries of such substitute teachers for more than an aggregate total of 25 days."

After the panel submits its findings, the district superintendent may either drop his charges or submit his written recommendation for dismissal to the board. If the teacher does not choose to abide by the district superintendent's recommendation, then the

teacher can request a hearing, which must be allowed by the board. ORS 342.905.

The provisions for the hearing procedure are set out in ORS 342.915, 342.925, 342.935. Such a hearing will ordinarily require the district to employ counsel. A full record of the hearing must be kept. If the teacher appeals the decision of the board, the further expense of defending the appeal is borne by the district. The cost of preparing the transcript on appeal must also be paid by the district. ORS 342.945(1).

In a large school district, the board has more options open to it than has a board in a small district. If dissatisfaction with a teacher in a large district becomes a problem, but is not believed to justify formal termination proceedings, that teacher can be reassigned within the district, so long as the new assignment is consistent with the teaching contract. See, generally, Edwards, The Courts and the Public Schools 489-490 (Univ. of Chicago Press, rev ed 1955), and Remmlein, School Law 29 (The Interstate Printers & Publishers, Inc., Danville, Ill., 2d ed 1962). In a small district, there may be no satisfactory way to reassign a teacher in order to salvage the usefulness of that teacher after his effectiveness as a teacher may have changed for the worse. A teacher who is not so conspicuously incompetent as to be subject to termination in a tenure district might nonetheless be one that a small district would have good reason to replace.

■ The conclusion is inescapable that the Assembly had one or more rational reasons, and therefore had the constitutional power, to classify districts by population in determining the applicability of the Teacher Tenure Law. *Schmidt v. City of Cornelius*, supra.

Affirmed.