Argued April 25, reversed and remanded August 27,
respondent Montgomery Ward & Company's reconsideration
and respondent Harris' reconsideration denied October 11,
respondent Montgomery Ward & Company's petition for review
and respondent Harris' petition for review denied by opinion
(288 Or 249, 603 P2d 1381) December 26, 1979

# SALAHUB,
## *Appellant,*
### *v.*
# MONTGOMERY WARD & COMPANY, et al,
## *Respondents.*

### (No. A 7712 18550, CA 10925)

599 P2d 1210

Gary Roberts, Legal Aid Service, Portland, argued the cause for appellant. With him on the brief were Micahel H. Marcus and Alexander J. Rering, Legal Aid Service, Portland.

Edwin J. Peterson, Portland, argued the cause and submitted the brief for respondent, Robert Harris.

Ancer L. Haggerty, Portland, argued the cause for respondent, Montgomery Ward & Company. With him on the brief was Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, and Gino G. Pieretti and Ridgway K. Foley, Jr., Portland.

No appearance by respondent Wesley D. Carter.

Before Schwab, Chief Judge, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiff, whose bank account was garnished under a writ of garnishment issued pursuant to ORS 23.650 to 23.670, appeals a summary judgment for defendants denying her injunctive relief and damages, and ruling that the garnishment process did not violate her right to due process and equal protection under the 14th Amendment to the United States Constitution. We reverse and remand.

On June 9, 1976, defendant Montgomery Ward obtained a judgment against plaintiff. On October 6, 1977, using a form supplied by defendant Harris, doing business as Bob's Messenger Service, Ward caused a writ of garnishment to be issued by the clerk of the district court for Multnomah County directed to the bank in Washington County where plaintiff maintained a checking account. Subsequently, on October 11, 1977, plaintiff's bank account was garnished. Plaintiff received no notice of the garnishment from the defendants.

All of the funds in plaintiff's account were exempt from garnishment under ORS 411.760 (assistance grants) and ORS 657.855 (unemployment compensation). The informal notice of garnishment sent to plaintiff by her bank did not inform her of the availability of any exemptions or the process by which she could obtain an exemption. After obtaining legal advice, plaintiff filed a claim for exemption on November 28, 1977. On December 5, 1977, the court allowed the exemption claim. On January 13, 1978, defendant Montgomery Ward returned plaintiff's money to her.

Plaintiff filed suit against the defendants praying for: a declaratory judgment that ORS 23.650 to 23.670 require that a writ of garnishment be accompanied by notice to the judgment debtor of the garnishment and exemption rights as required by ORS 29.178; in the alternative, a declaration that ORS 23.650 to 23.670

violate the Due Process Clause and Equal Protection Clause of the 14th Amendment to the United States Constitution; a permanent injunction restraining defendants from issuing writs of garnishment not containing the notice provided for in ORS 29.178; and $42 general damages from defendants to reimburse plaintiff for the bank's service charges, as well as $5,000 special damages for injury to plaintiff's credit. In an opinion letter, the trial court ruled that the notice provisions of ORS 29.178 do not apply to the writ of garnishment procedure and that no such notice is constitutionally required. The court thus refused to hold defendants liable for monetary damages.

In 1977, the Oregon Legislature created a new procedure, the writ of garnishment, by which a judgment creditor may garnish a judgment debtor's property. Oregon Laws 1977, ch 613, codified at ORS 23.650-23.670.[1] This procedure, under which plaintiff's bank account was garnished, does not expressly require that the judgment debtor be notified that the

[1] ORS 23.650 provides: "As used in ORS 23.650 to 23.670, 'writ of garnishment' means a process of the court to enable a judgment creditor to subject to the payment of his judgment, personal property or indebtedness owing by a third party to the judgment debtor.

ORS 23.655 provides: "(1) A party in whose favor a judgment is given, which requires the payment of money, may at any time after the entry thereof, and so long as the judgment remains a lien, have one or more writs of garnishment for its enforcement.

"(2) A judgment creditor may levy on property in the hands of a garnishee by a writ of garnishment as an alternative means, and in lieu of, levy by notice of garnishment served with a writ of execution.

ORS 23.660 provides: "(1) A writ of garnishment shall require the garnishee to answer directly to the court and to deliver to the clerk of the court property of the judgment debtor in the garnishee's possession or control or indebtedness owing to the judgment debtor by the garnishee that is not exempt from execution or garnishment and that does not exceed the amount of the judgment and fee for service of the writ. If the property or debt is not conveniently deliverable to the clerk of the court, the writ of garnishment shall require the garnishee to answer directly to the court and to describe the amounts and kinds of property or debt.

"(2) A writ of garnishment shall require the garnishee to make answer and return pursuant to this section within five days after the date of service of the writ upon the garnishee.

"(3) The provisions of ORS 29.330, 29.340, 29.350, 29.360 and 29.370 shall apply to writs of garnishment.

"(4) A writ of garnishment shall be valid for 60 days after the date of issuance thereof.

ORS 23.665 provides: "(1) Upon application by a judgment creditor pursuant to ORS 23.655, one or more writs of garnishment shall be issued by the clerk of the court in which the judgment is docketed. A writ of garnishment shall be in substantially the following form:

"IN THE _____ COURT OF
THE STATE OF OREGON FOR
THE
COUNTY OF _____

| | | |
|---|---|---|
| _____, | ) | |
| Plaintiff | ) | |
| | ) | Case No. _____ |
| vs. | ) | |
| | ) | WRIT OF GARNISHMENT |
| | ) | |
| _____ | ) | |
| Defendant | ) | |
| | ) | |

IN THE NAME OF THE STATE OF OREGON, TO:
,Garnishee.

WHEREAS, the above-named plaintiff obtained a judgment against the above-named defendant on the _____ day of _____, 19____, and that the amount of

Judgment Debt ............................................................................................. $_____
Interest ........................................................................................................ $_____
Attorney Fees .............................................................................................. $_____
Cost Bill ....................................................................................................... $_____
Accruing Costs ............................................................................................ $_____
Service Fees &Mileage ............................................................................... $_____
Other ............................................................................................................ $_____
Sheriff's Fees .............................................................................................. $_____

Payments Made ........................................................................................... $_____
Total ............................................................................................................. $_____

Services for this Writ .................................................................................. $_____
Balance Due ................................................................................................. $_____

Total Amount Required to Satisfy
in Full this Judgment ................................................................................. $_____

[779]

"YOU ARE HEREBY COMMANDED TO ANSWER this Writ by filling in the attached form or appropriate answer according to the instructions thereon and mailing or delivering the original of such answer to the above court within five (5) days after the date of service upon you. You are also commanded, unless otherwise directed by the court, not to pay any debt to the above-named defendant except the exempt portion of any wages subject to this garnishment and owed by you to the defendant on the date this Writ is served upon you, nor deliver, sell, transfer or recognize any sale or transfer of any personal property or effects of the defendant in your possession or control on the date this Writ is served upon you. Any such payment, delivery, sale or transfer is void as to so much of the debt, property or shares as may be necessary to satisfy the above-named plaintiff's claim and costs for this Writ with interest.

"If you owe the above-named defendant a debt payable in money and subject to this garnishment in amount exceeding the amount set forth in the first paragraph of this garnishment, you are commanded to withhold an amount of money equal to but not exceeding the amount set forth in the first paragraph of this garnishment and release all additional funds or property.

"YOU MUST FILE AN ANSWER TO THIS WRIT WHETHER OR NOT YOU OWE ANYTHING TO THE DEFENDANT. IF YOU FAIL TO ANSWER THIS WRIT, OR IF YOU ANSWER IT UNTRUTHFULLY, YOUR FAILURE TO ANSWER AS REQUIRED WILL MAKE YOU LIABLE TO THE PLAINTIFF UP TO THE AMOUNT OF THE JUDGMENT AGAINST THE DEFENDANT PURSUANT TO ORS 29.280, 29.330 AND 29.360.

"Witness the hand and seal of this court on this _ _ _ _ day of _ _ _ _ _ , 19_ _ .

CLERK OF THE COURT

By: _ _ _ _ _  _ _ _ _ _  _ _ _ _ _ _ _ _ _
Deputy

_____
Attorney for Plaintiff

_____
Address

(2) A copy of the provisions of ORS 23.160, 23.175 and 23.185 and appropriate instructions and explanations thereof shall accompany any writ of garnishment when served upon a garnishee.

ORS 23.670 provides: "(1) At any time within 60 days after the issuance of a writ of garnishment pursuant to ORS 23.655 to 23.665, the judgment creditor may have such writ served upon any garnishee in any manner authorized by law for service of a summons other than by publication.

(2) Any person authorized by law to serve summons may serve writs of garnishment. However, no such person other than a sheriff, deputy sheriff, constable or deputy constable shall serve a writ of garnishment unless the person has filed with the Secretary of State a current certificate of insurance for errors and omissions with limits of not less than $100,000 per occurrence from a company authorized to do business in this state. This subsection shall apply only to counties with more than 300,000 population.

(3) The fee for service of a writ of garnishment shall be $7.50.

[780]

garnishment has occurred, that certain property and funds are exempt from garnishment under state or federal law, or that there is a summary procedure for adjudicating a judgment debtor's claim of exemption.[2]

■ At the same session, as Sections 1 and 2 of Oregon Laws, 1977, ch 623, now ORS 29.178, the legislature added the following provisions to the laws governing the writ of attachment.

"(1) Following execution by the sheriff of any writ pursuant to ORS 29.170 or 29.175 other than a wage or salary garnishment, the sheriff shall promptly mail or deliver the following to the noncorporate judgment debtor at his last-known address:

"(a) A copy of the writ;

"(b) A copy of the certificate delivered to the county clerk pursuant to subsection (1) of ORS 29.170, if any;

"(c) A copy of the notice delivered pursuant to subsection (3) of ORS 29.170 or subsection (1) of ORS 29.175, if any; and

"(d) The notice described in subsection (2) of this section.

"(2) The notice to the judgment debtor shall contain:

"(a) *A statement that certain property of the judgment debtor has been or may have been levied upon;*

"(b) If the sheriff has executed the writ by taking property into his custody, a list of the property so taken;

"(c) *A list of all property and funds declared exempt under state or federal law;*

"(d) *An explanation of the procedure by which the judgment debtor may claim an exemption;*

"(e) A statement that the forms necessary to claim an exemption are available at the county courthouse at no cost to the judgment debtor; and

"(f) A statement that if the judgment debtor has any questions, he should consult an attorney.

"(3) Notwithstanding subsection (1) of this section, if a writ is served on a bank, trust company or

---

[2] *See* ORS 23.168.

savings and loan association, as garnishee, the sheriff shall deliver the copies and notice required by subsection (1) of this section to such garnishee. If the garnishee has property belonging to the judgment debtor, the garnishee shall promptly mail or deliver the copies and notice to the judgment debtor.

"(4) The sheriff may meet the requirements of subsection (1) of this section by mailing the documents to the last-known address of the judgment debtor as provided by the judgment creditor. The sheriff may withhold execution of the writ until such address or a statement that the judgment creditor has no knowledge of the judgment debtor's last-known address is furnished by the judgment creditor. (Emphasis added.)

The first question presented[3] is whether the notice provisions of ORS 29.178 apply to writs of garnishment issued pursuant to ORS 23.650 to 23.670.[4]

ORS 29.178 expressly applies to writs issued pursuant to ORS 29.170 and ORS 29.175. ORS 29.178(1). ORS 29.170 specifies the manner for executing prejudgment writs of attachment against all types of property. ORS 29.175 specifies the manner for attaching or levying against the interest of any person in personal property belonging to a decedent's estate. By virtue of its own language and ORS 23.410(4), ORS 29.178 also applies to postjudgment writs of execution issued against noncorporate judgment debtors. In ORS 29.178(2)(a), (d) and(f), 29.178 (3), and (4), the term "judgment debtor" appears. Further, ORS 29.178(2)(a) contains the term "levied upon." These terms are

---

[3] As a preliminary matter, defendants contend that plaintiff's brief should be stricken for failure to comply with Rule 7.19, Rules of Procedure of the Supreme Court and Court of Appeals of the State of Oregon, in that in her assignments of error plaintiff did not set out verbatim the pertinent portions of the record. In her reply brief, plaintiff cured the alleged error. Therefore, we consider plaintiff's assignment of error. *See Castor v. Erlandson,* 277 Or 147, 560 P2d 267 (1977).

[4] The Attorney General has already addressed this question and concluded that ORS 29.178 does not apply to writs of garnishment. *See* 38 Op Att'y Gen 1578 (Or 1977).

meaningless unless used to denote postjudgment procedures.[5] Finally, ORS 23.410(4), referring to postjudgment execution, provides, "Property shall be levied on in a like manner and with like effect as similar property is attached." Therefore, ORS 29.178, which governs prejudgment writs of attachment, must also apply to postjudgment writs of execution.

ORS 29.178 does not expressly apply to the writ of garnishment procedure. Neither does that statute contain a cross reference to ORS 23.650 to 23.670. Plaintiff argues, however, that from the language of the pertinent statutes and from the legislative history we should discern a legislative intent that judgment debtors whose property is garnished under the writ of garnishment procedure receive notice as required by ORS 29.178. First, plaintiff points to ORS 29.178(3), which states:

> "Notwithstanding subsection (1) of this section, if *a writ* is *served on a bank,* trust company or savings and loan association, *as garnishee,* the sheriff shall deliver the copies and notice required by subsection (1) of this section to such garnishee. If the garnishee has property belonging to the judgment debtor, the garnishee shall promptly mail or deliver the copies and notice to the judgment debtor." (Emphasis added.)

In contrast, ORS 29.178(1) uses the language "writ pursuant to ORS 29.170 or 29.175 other than a wage or salary garnishment." Plaintiff asserts that the broader language of ORS 29.178(3) refers to all forms of writs served upon a bank as garnishee, including writs of garnishment.

■    Our function in construing the statutes before us is to ascertain and apply the intent of the legislature. *State ex rel Cox v. Wilson,* 277 Or 747, 562 P2d 172 (1977). Although the isolated words "writ * * * served on a bank * * * as garnishee," ORS 29.178(3), lend support to plaintiff's position, to remove words from

[5] *See* ORS 23.410.

their context and attempt to determine their meaning is unlikely to reveal the intent of the legislature. *State ex rel Cox v. Wilson, supra.*

■ In construing statutes, we give due regard to the legislative history. *State v. Leathers,* 271 Or 236, 531 P2d 901 (1975). We conclude, however, from our examination of the legislative history of the statutes that the legislature never considered the precise question involved here.

■ In construing the provisions of a statute, we examine the context in which terms are used. *Fish v. Bishop,* 176 Or 210, 156 P2d 204 (1945). In this case, however, that maxim of statutory construction provides little help. The reference in ORS 29.178(3) to "a writ * * * served on a bank * * * as garnishee" does not relate to ORS 29.170(3) and (5) authorizing garnishment of bank accounts by prejudgment writs of attachment. ORS 29.178(3), which uses the term "judgment debtor," applies only to postjudgment procedures. No other provisions of ORS 29.170 or 29.175 refer to postjudgment garnishment of bank accounts. Therefore, since the reference in ORS 29.178 to ORS 29.170 and 29.175 cannot explain the phrase in question, we must search outside the immediate context of the statutory term for its meaning.

■ As stated above, ORS 29.178 applies to postjudgment writs of execution. Such writs may be used in garnishing bank accounts of judgment debtors. *See* ORS 23.030, 23.420, 29.280, 29.170. Thus, the language at issue in ORS 29.178(3) evidently refers, at least in part, to such use of writs of execution. This analysis does not rule out, however, application of ORS 29.178(3) to garnishment by writ of garnishment.

■ The pertinent statutes having been passed during the same legislative session, we construe their provisions together so that each may remain intact, in the absence of an irreconcilable conflict. *Daly v. Horsefly Irrigation District,* 143 Or 441, 21 P2d 787 (1933). *See* ORS 174.010. Here, as we have noted, there is no

cross reference between the two statutory schemes. Further, ORS 29.178(3) refers only to writs served by a sheriff. ORS 23.670(2) authorizes persons other than a sheriff to serve writs of garnishment in Multnomah County under specified conditions. One of the major topics of discussion in the legislature surrounding ORS 23.670(2) was the desirability of using private process servers. The failure of ORS 29.178(3) to mention private process servers in light of the legislative discussion concerning that issue suggests that ORS 29.178(3) was not intended to encompass the writ of garnishment. We may not, under the pretext of construing a statute, supply an essential element omitted, by mistake or design, by the legislature. *Dilger v. School District 24CJ*, 222 Or 108, 352 P2d 564 (1960). The omission of any specific cross reference between the bills, in addition to the restriction of ORS 29.178(3) to writs delivered by a sheriff, persuades us that the notice provisions of ORS 29.178 do not apply to the writ of garnishment.

Plaintiff claims that the writ of garnishment statutes, ORS 23.650 to 23.670, deny her the equal protection of the laws required under the Fourteenth Amendment to the United States Constitution. She contends that two classes of similiarly situated people receive different treatment: (1) those judgment debtors whose bank accounts are garnished by a writ of execution, who receive notice under ORS 29.178(2); and (2) judgment debtors whose bank acounts are garnished by a writ of garnishment, who do not receive such notice.

The plaintiff cites the case of *Bock v. Bend School Dist. No. 1,* 252 Or 53 at 55, 448 P2d 521 at 522 (1968):

> "The plaintiff correctly asserts that a statutory classification denies equal protection of the laws if its unequal application to members of the same class has no rational basis in terms of the purposes of the act, or if the statute discriminates without any such rational basis between those to whom it applies and

others similarly situated whom it excludes. *Rinaldi v. Yeager,* 384 US 305, 308-309, 86 S Ct 1497, 16 L Ed 2d 577 (1966); *McLaughlin v. Florida,* 379 US 184, 190-191, 85 S Ct 283, 13 L Ed 2d 222 (1965); *Missouri, Kansas & Texas Ry. Co. v. May,* 194 US 267, 269, 24 S Ct 638, 48 L Ed 971 (1904); *Kliks et al v. Dalles City et al,* 216 Or 160, 178-179, 185, 335 P2d 366 (1959); *Schmidt et al v. City of Cornelius,* 211 Or 505, 512-514, 316 P2d 511 (1957)."

A party has a heavy burden when it challenges a statute as being unconstitutional. This court has a strong obligation to attempt to find a way to uphold the questioned statute. The party's burden and this court's duty has been described in different ways: "Every statute is presumed to be constitutional, and all doubt must be resolved in favor of its validity." *Jehovah's Witnesses v. Mullen,* 214 Or 281, 293, 330 P2d 5 (1958). "* * * every reasonable presumption is in favor of the validity of a statute and the court will not declare a law unconstitutional except in clear cases." *Bowden v. Davis,* 205 Or 421, 433, 289 P2d 1100 (1955). "* * * when the life of a statute is at stake it is entitled to the benefit of every reasonable doubt * * *." *Sadler v. Oregon State Bar,* 275 Or 279, 289, 550 P2d 1218 (1976). "* * * every presumption is in favor of its validity and we must seek a construction which will avoid unconstitutionality." *State v. Collins,* 243 Or 222, 231, 413 P2d 53 (1966).

We find that debtors whose bank accounts are garnished under a writ of garnishment (ORS 23.650 to 23.670) and debtors whose bank accounts are garnished under a writ of execution (ORS 29.170 or 29.175) are similarly situated, yet receive disparate treatment. Both are postjudgment debtors. The judgment creditor's choice of which of the two procedures to follow is strictly arbitrary. There is an unequal application of the law in that judgment debtors who are garnished under a writ of execution are entitled to receive notice under ORS 29.178(2), while judgment

debtors who are garnished under a writ of garnishment do not receive the same notice. Neither defendant has suggested to us a rational basis for the distinction. The legislative history of the statutes gives no clue as to reason for the distinction. We have searched for a logical explanation and have found none.

We therefore hold that ORS 23.650 to 23.670, insofar as they fail to require that judgment debtors, whose property is garnished thereunder, receive notice equal to that provided for in ORS 29.178, deny equal protection of laws and therefore are unconstitutional.

We do not reach the due process question.

Reversed and remanded.