Argued and submitted March 12, affirmed April 28, 1980

In the Matter of the Compensation of
RIVERS,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(No. 78-848, CA 15090)

610 P2d 288

Kenneth D. Peterson, Jr., Certified Law Student, Eugene, argued the cause for petitioner. With him on the brief were Steven C. Yates and Malagon & Yates, Eugene.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

The sole issue in this Workers' Compensation case is whether an insurer can refuse to pay for certain medical services rendered by an out-of-state doctor to a compensably injured worker who had received a compensable injury and who no longer lives in Oregon. The referee and Workers' Compensation Board concluded that it can. We affirm.

The facts are not in dispute. Claimant suffered an injury found to be compensable under the Workers' Compensation Act. While the claim was still in open status, claimant moved to Washington and began treatment with a chiropractor in that state. Thereafter, the Fund informed claimant that further chiropractic treatment would not be covered, even though the treatment was for the industrial injury. However, it indicated that it would pay for any treatment prescribed or performed by a medical doctor, preferably an orthopedist.

ORS 656.245(1) provides, in part, that:

> "For every compensble injury the direct responsibility employer or the State Accident Insurance Fund Corporation shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability."

ORS 656.245(2) allows the worker to "choose his own attending doctor or physician within the state of Oregon."

SAIF maintains that this statute gives claimant a right to choose his own doctor only in the state of Oregon. Outside the state, the carrier maintains, a worker can receive medical care but he does not have the right to choose the specific doctor or specialty that will provide that care; that choice is controlled by the insurer.

In construing statutes, it is the function of this court to give effect to the intent of the legislature. There is "no more persuasive evidence" of that intent than the words of the statute themselves. *State ex rel Cox v. Wilson,* 277 Or 747, 750, 562 P2d 172 (1977). The intent of this statute is clear. By specifically giving the worker a choice of doctors within the state of Oregon, the legislature withheld that choice outside the state. Claimant challenges this interpretation. He argues, first, that construing the statute in this fashion also requires one to read it as denying an injured worker any medical treatment at all outside the state of Oregon. This, claimant maintains, is an unreasonable result and contrary to the purpose of the Workers' Compenstion Act. ORS 656.245(2), however, cannot be read in isolation. Statutes are to be construed as a whole and "not in parts or sections." *Davis v. Wasco IED,* 286 Or 261, 267, 593 P2d 1152 (1979). Reading ORS 656.245 in its entirety, it is clear that subsection (2) limits a workers' choice of doctors when they seek treatment in another state, but in no way diminishes their right to receive medical care, under subsection (1) of the same statute, wherever they are.

Claimant's second argument is constitutional. He argues that, if the statute allows an insurer to refuse to pay for out-of-state chiropractic treatment while allowing payment for out-of-state medical doctors, then it violates the equal protection clause of the constitution. He claims that there is no rational basis which justifies a distinction between the two types of treatment. Claimant, however, cannot object to SAIF's choice of doctors, unless he himself is harmed by that choice. He makes no such claim of harm.

We do note, however, that there is a further possible constitutional objection to this statute. The statute treats injured workers who choose to be treated within the state of Oregon differently from those who seek treatment outside the state. The former group is free to choose whatever doctor or mode of treatment they desire while the latter group is not. The question

[1108]

is whether there is a rational basis for this statutory distinction.

In order to establish that a statutory classification denies equal protection it must be shown that

> "Its unequal application to members of the same class has no rational basis in terms of the purposes of the act, or if the statute discriminates without any such rational basis between those to whom it applies and other similarly situated whom it excludes." *Salahub v. Montgomery Ward,* 41 Or App 775, 785-786, 599 P2d 1210 (1979), *rev den* 288 Or 249, 603 P2d 1381 (1979), quoting from *Bock v. Bend School District No. 1,* 252 Or 53, 55, 448 P2d 521 (1968).

The party challenging a statute as unconstitutional bears a heavy burden and this court "will examine every reasonable presumption in favor of the statute's validity." *Salahub v. Montgomery Ward,* 41 Or App at 786.

We conclude that there is a rational basis for the distinction this statute draws. The workers' compensation system is dependent on the availability of doctors' reports and testimony in determining a claim's compensability and the degree of the worker's disability. In investigating a claim the Board has the power to subpoena examining doctors as witnesses, but only if they are within the jurisdiction of the state of Oregon. *See* ORS 656.726; 656.732. If the treating doctor resides in another state, his attendance cannot be compelled. Thus, the statutory differentiation may be a recognition of this limit on the Board's powers and an attempt to counteract it by giving carriers some method of assuring that the out-of-state doctors who provide treatment to injured workers are those who fully cooperate in supplying necessary reports and other information to the insurer.

Affirmed.