# IN THE OREGON TAX COURT

# HAHN

*v.*

# DEPARTMENT OF REVENUE

## (TC 1464)

Roy D. Lambert, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, represented plaintiff.

Elizabeth S. Stockdale, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 30, 1981.

**CARLISLE B. ROBERTS, Judge.**

The plaintiff has appealed from defendant's Order No. I 80-74, dated November 3, 1980, executed by the Director of the Department of Revenue. The order denied the plaintiff an income tax deduction in the sum of $3,400, claimed under the provisions of ORS 316.067(1)(c), for each of the tax years 1977 and 1978. The sole issue presented is a legal one, the

construction of ORS 316.067(1)(c), and the matter was submitted to the court by counsel through written arguments.

The pertinent parts of ORS 316.067 read as follows:

"(1) There shall be subtracted from federal taxable income:

"* * * * *

"(c) Amounts received in the taxable year in compensation for personal services rendered in prior years, from a pension, annuity, retirement or similar fund under a public retirement system established by the United States, including the retirement system for the performance of service in the Armed Forces of the United States, or by this state or any municipal corporation or political subdivision of this state (but excluding the Public Employees' Retirement System established by ORS chapter 237). In the case of a public retirement system established by the United States, including the retirement system for the performance of service in the Armed Forces of the United States, the maximum amount excludable from taxable income from such pensions or annuities shall be in the amount of $3,400. However, if the retiree is under 62, the $3,400 subtraction is reduced dollar for dollar to the extent of any earned income, as defined in subsection (3) of this section, received during the taxable year. If the retiree receives $25,000 or more of household income, as defined in ORS 310.630, the subtraction is zero."

The plaintiff's deceased husband was, for many years, an employee of the federal government. Because of his entitlement to a federal pension, the plaintiff, following her husband's demise, receives an annuity from the United States government. The last sentence of ORS 316.067(1)(c), *supra,* provides: "If the retiree receives $25,000 or more of household income, as defined in ORS 310.630, the subtraction is zero" (i.e., the $3,400 exemption is denied). The plaintiff does receive $25,000 or more of "household income."

The opinion of the Director, Department of Revenue, sets out the reasons for his denial of the exemption to plaintiff and the department's problems with the statute:

"The petitioner contends that she is neither the retiree who earned the annuity nor is she retired at all and that the

last sentence of the subsection of paragraph (c) is not applicable to her.

"It is the position of the Audit Division [of the Department of Revenue] that the $3,400 which is excludable is an amount received in compensation for personal services rendered in prior years, and the petitioner rendered no personal services to the government. However, the Audit Division permits a surviving spouse to stand in the shoes of the retiree in order to be eligible for the exclusion. Because of that, the surviving spouse should also stand in the shoes of the retiree for purposes of the up to $25,000 income limit, which if exceeded, eliminates the exclusion.

"There are several ambiguities in the statute. Before the 1975 [1977?][1] addition of the last sentence in the portion of the statute quoted above, a question had arisen with respect to the meaning of the first sentence. In an informal opinion rendered October 29, 1976, an affirmative answer was given to the question of whether a portion (then $2,400) of the Civil Service Retirement Act benefits received by the survivor of a retired federal employee could be subtracted from federal taxable income. The ambiguity in the statute lay in the requirement that the amounts be received 'in compensation for personal services rendered in prior years.' Posed in terms of the instant case, is the petitioner entitled to the $3,400 exclusion when she did not render personal services in prior years for which she received a pension? A literal reading of this sentence would have required the Department to deny the $3,400 exclusion in the first instance, eliminating any question as to the effect of the 1975 [1977?] amendment. The 1976 informal opinion referred to a predecessor statute in effect in 1969, ORS 316.110(13), which provided for an exclusion as follows:

" '. . . Income received in the tax year from pensions and annuities under a public retirement system but only to the extent that such income does not represent compensation for personal services rendered during the tax year . . . .' "

Attention was called to the fact that an earlier opinion in 1969 had held the 1969 exclusion would apply to a federal civil service pension paid to a widow of a deceased federal employee. The 1976 opinion mentioned that the Personal Income Tax Act of 1969 repealed ORS 316.110(13) and

---

[1] See 1977 Or Laws ch 784, § 1. ORS 316.067 was not amended in 1975.

substantially re-enacted the present statute. The 1976 opinion also mentioned that survivor benefits are a common and integral feature of public retirement systems and that under the federal Civil Service Retirement Act the annuity of a retiring married employee is automatically reduced in order to provide benefits for the surviving spouse unless an election is made in writing to the contrary. The 1976 informal opinion was adopted as the policy of the Audit Divsion and, notwithstanding the literal meaning indicating that the widow could not receive the exclusion because she did not render compensation for personal services in prior years to the pension paying body, she was entitled to the exclusion. In other words, the surviving spouse stood in the shoes of the retiree.

"An examination of the legislative history of the 1975 [1977?] amendment casts no light upon the problem raised in this case. However, a second ambiguity exists in the 1975 [1977?] amendment. In reducing the exclusion to zero where household income of $25,000 or more is received, the legislature used the words 'the retiree.' One possible interpretation is that the legislature, by use of the definite article 'the' was referring back to the first sentence as only applying to retirees, so that the Department's interpretation of allowing a surviving spouse to stand in the shoes of the decedent retiree was incorrect. If the legislature had used the indefinite article 'a' it would have perhaps indicated that the Department's interpretation as to the first sentence was correct, but that it intended to limit the household income test to only those cases involving 'a retiree' and not survivors of a retiree.

"Thus the Department stands in the position of either construing paragraph (c) as applying only to retirees or as applying to retirees and their survivors. A literal reading of the 1975 [1977?] amendment places the Department in the position of having to reconsider and possibly reverse its earlier interpretation of the first sentence. This I prefer not to do. That the legislature may have considered the existence of a retired decedent's surviving spouse is indicated somewhat by the use of the standard of 'household income' which, as defined in ORS 310.630(7) means the aggregate income of the taxpayer and the spouse of a taxpayer."

■        Exemptions, deductions, credits and offsets in taxation are matters of legislative grace. There is no presumption of implied exemption. *Skyline Assembly of God v. Dept. of Rev.*, 274 Or 259, 545 P2d 879 (1976); *Roy Mobile Homes, Inc. v.*

*Dept. of Rev.,* 7 OTR 95 (1977). In the matter of tax exemptions, Oregon traditionally has been a "strict construction" state; taxation is the rule, exemption is the exception. *Emanuel Lutheran Char. v. Dept. of Rev.,* 4 OTR 410, 415 (1971); *aff'd* 263 Or 287, 502 P2d 251 (1972). The standard has been euphemistically stated as "strict but reasonable." *Mult. School of Bible v. Mult. Co.,* 218 Or 19, 27, 343 P2d 893, 897 (1959).[2] We are here dealing with a provision for exemption from taxation and the foregoing rules must be applied.

■ A statutory rule of construction, set out in ORS 174.010, is always pertinent:

> "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."[3]

■ Another pertinent rule of statutory construction is that, to arrive at its meaning, a statute should be viewed from its "four corners." That is, a sentence cannot be taken out of context but must be read in conjunction with all the sentences which surround it and all the paragraphs which are *in pari materia. Davis v. Wasco IED,* 286 Or 261, 593 P2d 1152 (1979); *Cal-Roof Wholesale, Inc. v. Tax Com.,* 242 Or 435, 410 P2d 233 (1966). *Rivers v. SAIF,* 45 Or App 1105, 610 P2d 288 (1980).

Having these rules in mind, examination of the four sentences which comprise paragraph (c) of subsection (1) of ORS 316.067 is in order. The first sentence is complex and, standing by itself, ambiguous. The last three sentences are all restrictive. The second sentence clearly provides that the exemption in the present case cannot exceed $3,400 per tax year. The third sentence begins: "However, if the retiree is under 62 * * *." This sentence is not pertinent to the present case because the undoubted retiree (plaintiff's husband) was deceased during the years in question; however, it does give an

---

[2] All constructions of statutes should be reasonable. *See* dissent of O'Connell, J., in *Willamette Univ. v. Tax Comm.,* 245 Or 342, 349-351, 422 P2d 260, 264 (1966).

[3] When there is gross ambiguity, this statute is not easily ("simply") followed, especially if a constitutional question is raised. The "if possible" recognizes this problem.

answer to the ambiguity raised in the first sentence by suggesting the class of persons entitled to the exemption. The fourth and last sentence (the interpretation of which precipitated the present appeal) is straightforward: "If the retiree receives $25,000 or more of household income, as defined in ORS 310.630, the subtraction is zero." This sentence reiterates the words "the retiree" (adding strength to the most reasonable hypothesis of legislative intent in the enactment of the 1977 amendment).

Now, turning to the lengthy first sentence, it is noted that it deals with "amounts received" and these words are subject to three limiting phrases: "in the taxable year"; "for personal services rendered in prior years"; and "from a pension, annuity, retirement or similar fund." This last phrase is further modified by a designation or description of the entity which established the "fund" under consideration.

All of this language, in any event, relates to a retiree, particularly the words "received in the taxable year in compensation for personal services rendered in prior years." Does it relate to the plaintiff in this suit? There is no word whatsoever relating to a "widow," "survivor," "beneficiary," or third party of any type or description.[4]

It would be necessary for the court to add words to the statute in order to give the exemption to any person other than the retiree, and this the court cannot do under the accepted rules of construction.[5] The policy as to the class involved is too significant, from the revenue standpoint, for the tax administrator or the court to seek to cure ORS 316.067(1)(c), if such is deemed necessary. This is a legislative

---

[4] Compare the designations of the exempted class in ORS 307.250(4) and 307.300 (war veterans and widows) and in ORS 310.630(6) and (7) (homestead and rental assistance).

[5] The court takes into account the rule of construction that executive construction of a statute over a number of years should be given weight in some cases. The department's opinion indicates that widows have been allowed the exemption in some cases since 1977 amendment. However, the opinion also makes it clear that the construction of paragraph (c) has not been settled in the Department of Revenue over the years since the statute was amended in 1977 and it is still a disputed matter.

matter. The department can take affirmative action under ORS 305.170(4).[6]

The court holds that the plaintiff in the present suit is not a "retiree," and that only a retiree is entitled to the exemption in question. Consequently, the plaintiff is not entitled to the exemption claimed by her, under the disputed statute, during the income tax years in question.

The defendant shall prepare the necessary form of decree and submit it pursuant to TC Rule 68. Each party shall pay her or its own costs and disbursements.

---

[6] ORS 305.170. "The Department of Revenue:

"* * * * *

"(4) Shall recommend to the Legislative Assembly at each regular session such amendments of the Constitution or laws as may seem necessary to remedy injustice or irregularity in taxation, or to facilitate the assessment and collection of public taxes and revenues."