Argued and submitted October 1, reversed and remanded November 26, 1985

In the Matter of the Compensation of
Candelario A. Reynaga, Claimant.
REYNAGA,
*Petitioner on Review,*

*v.*

NORTHWEST FARM BUREAU,
*Respondent on Review.*
(WCB 82-10833; CA A31941; SC S31955)
709 P2d 1071

Kenneth D. Peterson, Jr., Hermiston, argued the cause and filed the petition for petitioner on review.

Larry A. Dawson, Portland, argued the cause and filed the brief for respondent on review.

James L. Edmunson, Eugene, filed an *amicus curiae* brief

on behalf of Oregon Trial Lawyers Association. With him on the brief was Malagon & Associates, Eugene.

CAMPBELL, J.

## CAMPBELL, J.

The issue in this case is whether ORS 656.245, a provision of Oregon's Workers' Compensation Laws, permits a compensation insurer to deny payment for treatment by all out-of-state chiropractors. We hold that it does not.

Claimant, Candelario Reynaga, suffered a compensable injury to his shoulder, neck and back in 1980 and was awarded permanent partial disability. As a migrant farm laborer, he travels from one location to another and has been treated by chiropractic physicians in Oregon, Washington and California. In October 1982, the insurer, Northwest Farm Bureau Insurance Co., wrote claimant stating that payments for any further out-of-state medical care would be made only if the care were provided by an orthopedist.[1] When claimant nevertheless obtained treatment by a California chiropractor, the insurer refused to pay the bill. Claimant has also been examined by an orthopedist at the insurer's request, but prefers to be treated by a chiropractor.

A hearings officer affirmed the insurer's denial of payment. The Workers' Compensation Board affirmed and the Court of Appeals affirmed without opinion. 74 Or App 151, 704 P2d 552 (1985).

In affirming the insurer's denial of payment, the hearings officer and the Board relied on *Rivers v. SAIF*, 45 Or App1105, 610 P2d 288 (1980), which presented a similar factual situation. In *Rivers*, the insurer, the State Accident Insurance Fund, informed the claimant that chiropractic treatment being provided in Washington would not be covered and insisted that any further medical care be by a medical doctor, preferably an orthopedist.

The applicable statute in this case, ORS 656.245,

---

[1] The insurer's letter did not provide a reason for denying payment for treatment by all out-of-state chiropractors.

In its brief in the Court of Appeals, the insurer asserted that its letter did not deny all chiropractic services, but indicated only that the insurer would only pay for an orthopedist. The insurer argues the claimant could have selected a "chiropractic orthopedist." Even under insurer's line of reasoning, however, claimant was denied services from an entire health care area since he was denied services of all non-orthopedic chiropractors.

identical in relevant part to that in force at the time *Rivers* was decided,[2] provides:

"(1) For every compensable injury, *the insurer or the self-insured employer shall cause to be provided* medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. * * *. The duty to provide such medical services continues for the life of the worker."

"* * * * *.

"(3) The worker may choose an attending doctor or physician *within the State of Oregon.* The worker may choose the initial attending physician and may subsequently change attending physicians four times without approval from the director * * *." [Emphasis added.]

According to the Court of Appeals in *Rivers,* the statute limits workers' choices of out-of-state doctors although it "in no way diminishes their right to receive medical care * * * wherever they are." 45 Or App at 1108. The court ruled that: "By specifically giving workers a choice of doctors within the state of Oregon, the legislature withheld the choice outside the state." 45 Or App at 1108. The court asserted that the distinction was rational because the Workers' Compensation Board can only subpoena doctors who are within its jurisdiction. A doctor who resides in another state cannot be compelled to travel to Oregon to testify in determining a claim's compensability and the degree of the worker's disability.

The asserted state interest in guaranteeing full cooperation of doctors may have some merit, although it is not mentioned in the statute or legislative history. That interest, however, does not provide a satisfactory rationale for a rule excluding an entire category of health service providers outside Oregon, while paying for their services when provided in the state.[3]

---

[2] The current subsection (3) was formerly designated subsection (2) and provided, in its entirety: "The workman may choose his own attending doctor or physician within the State of Oregon."

[3] A worker may choose a chiropractor within Oregon. ORS 656.245(3) provides in part that "the worker may choose an attending doctor or physician within the State of Oregon." OAR 436-10-050(1) provides that: "physicians licensed by * * * the Board of Chiropractic Examiners * * * may be designated as attending physicians."

Any state concern for availability of reports and testimony from out-of-state medical service providers would be satisfied by granting insurers a right to veto individual doctors who have demonstrated that they are unlikely to fully cooperate with reporting requirements. There is no evidence that one entire category of out-of-state health service providers, such as chiropractors, is less likely to cooperate with reporting requirements than other entire categories.

The statutory interpretation asserted by the insurer could produce the following result in this case: The insurer must allow the claimant to select any orthopedist in Oregon or any chiropractor in Oregon. The insurer may also allow the claimant to select any orthopedist outside of Oregon, but may flatly prohibit selection of any chiropractor outside of Oregon, even if the chosen individual poses no risk of non-cooperation in providing reports and testimony.

"In the construction of a statute, the intention of the legislature is to be pursued if possible * * *." ORS 174.020. "To do so, the court may examine the language used, the statutory objective, and other evidence of the intended meaning." *State v. Parker,* 299 Or 534, 540, 704 P2d 1144 (1985), *citing Curly's Dairy Inc. v. State Dept. of Agriculture,* 244 Or 15, 21, 415 P2d 740 (1966). ORS 656.245(3) provides, in relevant part, that: "The worker may choose an attending doctor or physician within the State of Oregon." On the question of whether a worker may also choose a physician outside the state, the statute is completely silent. This court must construe that silence.

The inclusion of the words "within the State of Oregon" in ORS 656.245(3) suggests an intention to differentiate between in-state and out-of-state physicians insofar as the worker's freedom of choice is concerned. The exact nature of such differentiation, however, is not clear. The question before this court is whether the legislature intended to imply that insurers were to have control over the choice of individual out-of-state doctors or whether they also have control over the choice of medical specialty.

Neither legislative history nor prior caselaw provides useful guidance on the issue presented in this case. ORS 656.245 was added during the major revision of the Workers' Compensation Act in 1965. Although the subsection allowing

a worker the right to select a physician in Oregon was new, it received no significant discussion by the legislators.[4]

This court has considered a similar issue only once, in 1922. *Smith v. State Industrial Acc. Com.*, 104 Or 640, 208 P 746 (1922).[5] That decision, however, involved a section of a

---

[4] Only two references in the legislative history of the subsection relate to choice of physician.

(1) An unidentified legislator noted in addressing the Senate Labor and Industries Committee that:

"Section 23 [proposed ORS 656.245] statutorily gives the workman the freedom of choice of doctor and spells out medical services. I don't think there's any real issue on that one and it's not a monetary benefit so it's not a problem area." Tape recording, Senate Labor and Industries Committee, February 22, 1965, Side I at 127.

(2) An exchange between Senator Willner and Dr. Forrest Rieke who testified to the Senate Labor and Industries Committee on March 11, 1965:

"*Senator Willner:* Suppose the workman lives in Vancouver, works in Portland, which is not infrequent, and his family physician is a practitioner in the State of Washington. Or suppose after his industrial accident he moves outside the State, why shouldn't he be allowed to choose his own attending doctor or physician wherever that attending doctor or physician is?

"*Doctor Rieke:* I didn't write that particular phraseology. I think I understand why it's worded as it is. Within the State of Oregon is not entirely just local bias. It presents a problem if an injured workman goes to visit the relatives in Minnesota and never comes back, you completely lose track of him. There is an attempt made, and I think with merit, to suggest to people who have injuries that they either not leave the State without notifying the insurance carrier or the Accident Commission, Compensation Board, the Department, or if they do that they try to get some consultative arrangements as to where they're going to take care of them.

"Now across the State lines, the thing has not been a problem simply because everybody sort of ignores the State line. The doctor over in White Salmon takes care of the fellow in Hood River and vice versa.

"*Senator Willner:* The law is no problem because nobody follows it.

"*Doctor Rieke:* Right."

Tape recording, Senate Labor and Industries Committee, March 11, 1965, Side I at 300.

The paucity of legislative history of ORS 656.245 relating to choice of physician is remarkable in light of the substantial controversy on the subject in some other states. *See* Comment *Initial Choice of Physician Under Workmen's Compensation: Is California Ripe for the Panel Approach?* 8 USFL Rev 149 (1973).

[5] *In Smith,* this court concluded that the State Industrial Accident Commission had the authority to select the physician. 104 Or at 649. That conclusion, however, was based on a statute enacted in 1913 which gave the Commission the authority "to provide, under uniform rules and regulations, first aid * * * medical and surgical attendance * * * and to contract therefor in its discretion * * *." Or Laws 1913, ch 112, 23. In addition, the court's opinion was largely grounded on a paternalistic concern for

predecessor statute at a time when Workers' Compensation was structured differently from the current system and, therefore, is not instructive in the case at bar.[6]

ORS 656.245(1) requires insurers to provide reasonable medical services without regard to the injured worker's geographic location. According to the statute, "medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services." Although the statutory list does not mention chiropractors, there is no suggestion that the list was meant to be exclusive. In fact, chiropractic services have been included among the services afforded a workers' compensation claimant. *See Orman v. SAIF,* 68 Or App 260, 680 P2d 1024 (1984); *Milbradt v. SAIF,* 62 Or App 530, 661 P2d 584 (1983); *Wetzel v. Goodwin Brothers,* 50 Or App 101, 622 P2d 750 (1981). In addition, rules promulgated by the Workers' Compensation Department specifically include chiropractic services within the definition of medical services.[7] OAR 436-10-005(16).

The insurer does not claim that chiropractic services are not encompassed by the term "medical services," but rather contends that ORS 656.245(1) only obliges the insurer to provide medical services required by the nature of the injury. The provision of all medical services, whether in-state

---

both the worker's health and the cost of treatment:

> "[I]gnorant workmen, if allowed to select at will a surgeon to attend them, might fall into the clutches if unskilled quacks whose ministrations would prolong their disability and thereby inflict unnecessary suffering upon them and an increased financial burden upon the compensation fund." 104 at 649.

[6] Under the legislation in force in 1922, the State Industrial Accident Commission operated the State Fund and administered the entire law. Its functions included insurance, claims, hearings, safety and overall administration. Skelton, *Workmen's Compensation in Oregon,* Supplemental Studies for the National Commission on State Workmen's Compensation Laws, Vol III (1973). In 1965, the legislature abolished the State Industrial Accident Commission and created two new agencies — the Workers' Compensation Board and the State Compensation Department (now the State Accident Insurance Fund Corporation).

[7] OAR 436-10-005(16) provides:

> " 'Medical Service' means any medical, surgical, chiropractic, dental, hospital, nursing, ambulance, or other related services; also any drugs, medicines, crutch, prosthesis, brace, support or physical restorative device."

or out, is tempered by this language, but does not explain a differentiation in available treatments along state lines.

The insurer further argues that the statute does not specify that a *claimant* has a right to dictate the field of health care provider. This observation is correct, but it is equally true that nothing in the statute specifies that the *insurer* has the right to dictate the health field. The statute merely states that "for every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services * * *."[8] ORS 565.245(1).

The Workers' Compensation Act is remedial in character and should be liberally construed in favor of the injured worker, although, of course, this court cannot depart from the language of the statute. *Pruett v. Lininger,* 224 Or 614, 625, 356 P2d 547 (1960). The language of ORS 656.245 does not compel the interpretation proposed by the insurer, that it can exclude an entire category of health service providers located outside Oregon while paying for the same health service when provided in Oregon. We interpret ORS 656.245 as not denying the worker a choice of treatments and hold that a compensation insurer may not deny an entire category of otherwise reasonable out-of-state medical services. Thus, an insurer may not deny payment for treatment by all out-of-state chiropractors if that treatment, as specified in ORS 656.245, is for "conditions resulting from the injury * * * as the nature of the injury or the process of recovery requires."

Claimant further argues that if ORS 656.245 allows

---

[8] Workers' compensation statutes in many states do not specify who is to choose the physician. Like ORS 656.245(1), the statutes merely specify that all medical care be either "provided," "rendered," "furnished," or "paid for" by the employer. The courts have construed these words to mean employer choice in some states, *e.g., Benson v. Coca Cola Co.,* 120 NJ Super 60, 293 A2d 395 (1972), and employee choice in others, *e.g., Kinsey v. Travelers Ins. Co.,* Inc., 402 So2d 226 (La App 1981).

In *Kinsey,* the Lousiana court construed a statue, similar to ORS 656.245, which provided in part that "the employer shall furnish all necessary medical, surgical and hospital services * * *." The statute was silent on the issue of who had the right to choose the doctor. The court concluded that the employee should have the right because success of treatment may depend upon the patient's confidence in the physician chosen.

Thus, the fact that ORS 656.245(1) is silent regarding choice of physician does not necessarily indicate, as the insurer argues, that the insurer's out-of-state choice is limited only by the obligation of providing medical services such as are required by the nature of the injury or the process of the recovery.

an insurer to unilaterally deny payment for entire classes of medical services to out-of-state claimants while granting free choice of medical care to residents of Oregon, then the statute is unconstitutional. "It is, of course, a commonplace that statutes will not be construed to violate constitutional prohibitions unless no other construction is possible." *State v. Smyth,* 286 Or 293, 296, 593 P2d 1166 (1979). In this case, the constitutional issues, to the extent there are any, *see State v. Clark,* 291 Or 231, 240-41, 630 P2d 810 (1981), need not be reached. The statute itself provides an adequate basis for our decision.

This case is reversed and remanded to the Workers' Compensation Board for further proceedings not inconsistent with this opinion.