Argued and submitted October 22, 1990, affirmed February 27, reconsideration denied
May 9, petition for review denied June 20, 1991 (311 Or 432)

In the Matter of the Compensation of
Phyllis I. Dupape, Claimant.
SAFEWAY STORES, INC.,
*Petitioner,*

*v.*

Phyllis I. DUPAPE,
*Respondent.*

(87-18387; CA A63496)

806 P2d 191

Kenneth L. Kleinsmith, Portland, argued the cause for petitioner. With him on the brief was Meyers & Radler, Portland.

Steven L. Piucci, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

### RIGGS, J.

Employer seeks review of a decision of the Workers' Compensation Board affirming the referee's decision that employer's denial of claimant's out-of-state medical services should be set aside.[1] We affirm.

Claimant suffered a compensable injury on February 16, 1987, while employed by Safeway Stores, Inc., in Tigard, Oregon. Employer accepted the claim as a nondisabling injury, and claimant underwent treatment for back pain with a physiatrist in Oregon. In late April, 1987, she resigned her job and moved to Kent, Washington. When she told employer about the move, she was not informed that prior approval would be required for treatment by out-of-state doctors. In May, 1987, she received treatment for continuing back pain from Dr. Richard Neiman at the Kent Medical Center in Washington. She did not notice any improvement from Neiman's prescription of medicine and sought treatment from Dr. Chan, a chiropractor. She continued treatment with him until November, 1987.

Employer paid the expenses associated with Chan's treatment until November 19, 1987, when employer's agent wrote a letter denying liability for any future billings from Chan, because claimant had not obtained prior approval for her treatments. The letter suggested two medical doctors and a chiropractor in the area whose treatment would be approved. On January 10, 1988, claimant was examined, but not treated, by Dr. Singer, the chiropractor suggested in the letter. Claimant found Singer's office location extremely inconvenient and returned to Chan. Employer does not dispute that treatment by Chan was reasonable and necessary for claimant's compensable injury or that Chan's medical reports had been received by employer without objection.

The Board concluded that, because employer had not shown that claimant's out-of-state chiropractor would be unlikely to cooperate with reporting requirements, the denial of medical expenses should be set aside. Employer argues that the Board erred as a matter of law, because an employer has a

---

[1] The Board issued an order on reconsideration that republished its first order in its entirety and supplemented it with an award of $750 for services rendered on review by claimant's attorney.

statutory right to veto treatment by an out-of-state doctor and is not required to give a reason for the veto.

We review the Board's decision to determine whether its action is inconsistent with an agency rule or otherwise violates a constitutional or statutory provision. ORS 656.298(6); ORS 183.482(8). We give "some deference" to the Board's interpretation of statutes and administrative rules relating to its field. *Mershon v. Oregonian Publishing,* 96 Or App 223, 225-26, 772 P2d 440, *rev den* 308 Or 315 (1989).

ORS 656.245(3) gives workers the right to choose an attending physician "within the State of Oregon." Those words "suggest an intention to differentiate between in-state and out-of-state physicians insofar as the worker's freedom of choice is concerned." *Reynaga v. Northwest Farm Bureau,* 300 Or 255, 259, 709 P2d 1071 (1985). Although it is silent as to the reason for that differentiation, the statute does not deny the worker a choice of treatments. *Reynaga v. Northwest Farm Bureau, supra,* 300 Or at 262. Although the state and employers have an interest in assuring the full cooperation of out-of-state doctors, that interest "would be satisfied by granting insurers a right to veto individual doctors who have demonstrated that they are unlikely to fully cooperate with reporting requirements." *Reynaga v. Northwest Farm Bureau, supra,* 300 Or at 259; *Day v. S & S Pizza Co.,* 77 Or App 711, 716, 714 P2d 275, *rev den* 301 Or 320 (1986).

Employer relies on OAR 436-60-050(5) to support its veto of claimant's treatment by Chan. That rule provides:

> "When the worker chooses an attending physician outside the State of Oregon, the insurer may object to the worker's choice and select the attending physician. Payment for treatment or services rendered to the worker after the insurer has objected to the worker's choice of attending physician may be rejected by the insurer."

On its face, the rule imposes no restrictions on an insurer's right to object to a claimant's choice of an out-of-state physician. However,

> "the insurer's power to veto [a] claimant's choice of an out-of-state physician under ORS 656.245(3) is not unlimited. That power does not limit claimant's right to receive medical services under 656.245(1), wherever she is." *Day v. S & S Pizza Co., supra,* 77 Or App at 716.

The Board concluded that employers have only a limited right to veto a claimant's choice of an out-of-state physician, and that the only adequate basis for a veto is when the out-of-state doctor would be unlikely to comply with the workers' compensation reporting requirements. That conclusion is not inconsistent with the wording or purpose of ORS 656.245(3). In the face of a statute silent on the point, the Board is free to interpret the statute to provide for reasonable administration of claims. It did so here. Neither is its conclusion inconsistent with OAR 436-60-050(5), which, in the light of *Reynaga v. Northwest Farm Bureau, supra,* and *Day v. S & S Pizza Co., supra,* must be interpreted as giving an employer only a limited right to object to a claimant's choice of physician.

We conclude that the Board is entitled to require that employer state a reason for its objection and to require that the reason be related to a concern that the out-of-state doctor will not comply with Oregon's reporting requirements or other cognizable purposes of the statute or rules. Therefore, we affirm the Board's decision setting aside employer's denial of claimant's choice of the out-of-state physician.

Affirmed.