# MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY *v.* MAY.

### ERROR TO THE COUNTY COURT OF BELL COUNTY, STATE OF TEXAS.

No. 185.  Submitted March 17, 1904.—Decided May 2, 1904.

The law of Texas, chap. 117, of 1901, directed solely against railroad com-panies and imposing a penalty for permitting Johnson grass or Russian thistle to go to seed upon their right of way, is not shown so clearly to deny the companies equal protection of the laws as to be held contrary to the Fourteenth Amendment.

THE facts, which involved the constitutionality under the Fourteenth Amendment of chapter 117 of the Laws of Texas of 1901, imposing a penalty on railroad companies for permitting Johnson grass and Russian thistle to go to seed upon their rights of way, are stated in the opinion of the court.

*Mr. James Hagerman, Mr. T. S. Miller* and *Mr. J. M. Bryson,* for plaintiff in error:

The classifications of the act are arbitrary and violative of fundamental conceptions of due process of law and its equal

protection. *Barbier* v. *Connolly,* 113 U. S. 27; *Yick Wo* v. *Hopkins,* 118 U. S. 356, 368, 373; *Dent.* v. *West Virginia,* 129 U. S. 114, 124; *Gulf, C. & Santa Fé* v. *Ellis,* 165 U. S. 150, 153, 165; *Atch. Top. & S. F.* v. *Matthews,* 174 U. S. 96, 104; *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79, 111; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Fraser* v. *McConway,* 82 Fed. Rep. 257, 260; *State.* v. *Waters-Pierce Oil Co.,* 67 S. W. Rep. (Tex.) 1057; *North Carolina* v. *Tenant,* 15 L. R. A. 423; *Luman* v. *Hitchins Bros. Co.,* 46 L. R. A. 393; *Ex parte Jentzsch,* 32 L. R. A. 664; *Wally's Heirs* v. *Kennedy,* 2 Yerg. 554; *Holden* v. *James,* 11 Massachusetts, 396; Cooley on Const. Law (7th ed.), 559.

There are no reasons which justify the classification of § 2 of the act. There is no connection between permitting Johnson grass or Russian thistle to mature on the right of way of a railroad company and operating cars and locomotives along the same in respect to the object to be accomplished, nor can the distribution be sustained upon any theory that incentives exist in one case to prevent the grass and thistles from maturing and none in the other. *Ft. W. & D. C. Ry. Co.* v. *Hogsett,* 67 Texas, 685, and cases cited on p. 688; *T. & P. Ry. Co.* v. *Ross,* 7 Tex. Civ. App. 653; *St. L. S. W. Ry. Co.* v. *Knight,* 41 S. W. Rep. 416.

Unless there is some reason for distinguishing a class from the public an act affecting such class only is open to the charge of being partial and discriminating. *Landon* v. *Steele,* 152 U. S. 135; *Atch. T. & S. F.* v. *Clark,* 58 Pac. Rep. 477; *Pasadena* v. *Simpson,* 91 California, 238; *S. C.,* 27 Pac. Rep. 604. Where statutes affecting a class have been upheld it is because of special reasons distinguishing the class. *Hart* v. *Railroad Co.,* 13 Metc. 99; *Missouri Pacific* v. *Mackey,* 127 U. S. 205, 210.

There was no appearance or brief for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a action to recover a penalty of twenty-five dollars,

brought by the owner of a farm contiguous to the railroad of the plaintiff in error, on the ground that the latter has allowed Johnson grass to mature and go to seed upon its road. The penalty is given to contiguous owners by a Texas statute of 1901, ch. 117, directed solely against railroad companies for permitting such grass or Russian thistle to go to seed upon their right of way, subject, however, to the condition that the plaintiff has not done the same thing. The case is brought here on the ground that the statute is contrary to the Fourteenth Amendment of the Constitution of the United States.

It is admitted that Johnson grass is a menace to crops, that it is propagated only by seed, and that a general regulation of it for the protection of farming would be valid. It is admitted also that legislation may be directed against a class when any fair ground for the discrimination exists. But it is said that this particular subjection of railroad companies to a liability not imposed on other owners of land on which Johnson grass may grow, is so arbitrary as to amount to a denial of the equal protection of the laws. There is no dispute about general principles. The question is whether this case lies on one side or the other of a line which has to be worked out between cases differing only in degree. With regard to the manner in which such a question should be approached, it is obvious that the legislature is the only judge of the policy of a proposed discrimination. The principle is similar to that which is established with regard to a decision of Congress that certain means are necessary and proper to carry out one of its express powers. *McCulloch v. Maryland,* 4 Wheat. 316. When a state legislature has declared that in its opinion policy requires a certain measure, its action should not be disturbed by the courts under the Fourteenth Amendment, unless they can see clearly that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched.

Approaching the question in this way we feel unable to say that the law before us may not have been justified by local

conditions. It would have been more obviously fair to extend the regulation at least to highways. But it may have been found, for all that we know, that the seed of Johnson grass is dropped from the cars in such quantities as to cause special trouble. It may be that the neglected strips occupied by railroads afford a ground where noxious weeds especially flourish, and that whereas self-interest leads the owners of farms to keep down pests, the railroad companies have done nothing in a matter which concerns their neighbors only. Other reasons may be imagined. Great constitutional provisions must be administered with caution. Some play must be allowed for the joints of the machine, and it must be remembered that legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts.

*Judgment affirmed.*

Mr. Justice Brewer concurs in the judgment.

Mr. Justice Brown, dissenting.

I am unable to concur in the opinion of the court in this case. While fully conceding that the legislature is the only judge of the policy of a proposed discrimination, it is not the only judge of its legality. Doubtless great weight will be given to its judgment in that regard, and the legislation will not be held invalid, if it be founded upon a real distinction in principle between persons or corporations of the same class. Upon this principle spark arresters may be required upon locomotives when they are not required upon other smokestacks, because of their greater liability to communicate fires to adjoining property; so, although other proprietors are not bound to fence their lands, railway companies may be required to do so to prevent the straying of cattle upon their tracks. Upon the same principle gates and guards may be required at railway crossings when the same would be entirely unnecessary at the crossing of ordinary highways. Other discriminating regula-

tions made necessary by the peculiar business and danger incident to railway transportation may be readily imagined.

In this case, however, the railway is not pursued as such, but merely as the proprietor of certain land alongside its track, and no reason can be conjectured why an obnoxious form of weed, growing upon its land, should be more detrimental than the same weed growing upon adjoining lands. The railway is not made the sole object of the statutory prohibition by reason of the fact that it is a railway, and the discrimination against it seems to be purely arbitrary. The only distinction suggested in support of the ordinance is that the seed of Johnson grass may be dropped from the cars in such quantities as to cause special trouble; but there is not only no evidence of such fact, but is is highly improbable that the seed of a noxious grass of this kind would be carried upon the cars at all. It is also suggested that the self-interest of owners of farms to keep down pests of this kind might be relied upon to prevent their growth. But this tends merely to show that if the law were made general, it would be more readily obeyed by private land proprietors than by the railway. It may be that railways are less given to the observance of precautions required of them as neighborhood landowners than the proprietors of individual property, but that does not create a distinction in principle. It merely tends to show that if the law were made general the railway companies would be oftener prosecuted than other proprietors. If Johnson grass growing upon railway tracks be a nuisance, it is equally so when growing upon the other side of the line fence, and I think the law should be made general to avoid the charge of an arbitrary discrimination. If the land owned by every corporation were held to this liability, while the land of individuals were exempt, the discrimination would be more conspicuously unjust in its appearance, but scarcely more so in its reality.

MR. JUSTICE WHITE and MR. JUSTICE McKENNA also dissented.