GULF, COLORADO & SANTA FE RAILWAY COMPANY v. HENDERSON & TOMPKINS.

Decided March 8, 1905.

**1.—Railway—Johnson Grass—Penalty.**

Under the Act of April 18, 1901 (Laws 27th Leg., p. 283), a railway company is liable to the penalty provided each year that it permits Johnson grass to mature on its right of way.

**2.—Same—Constitutional Law.**

The Act of April 18, 1901, making railways liable to adjoining landowners for damages and a penalty for permitting Johnson grass to go to seed upon the right of way, is not unconstitutional, as depriving the company of its property without due process of law nor as class legislation.

Appeal from the County Court of Milam County. Tried below before Hon. R. B. Pool.

*J. W. Terry* and *A. H. Culwell*, for appellant.—Under the statute, even if there was a liability herein against the railway company for the penalty, plaintiffs were entitled to recover only one penalty, and no provision is made in the Act for the recovery of a double penalty, and by

reason of the judgment herein plaintiffs were permitted to recover a double penalty. Act of the 27th Leg., chap. 117, p. 283.

The act of the Legislature under which this suit was instituted is unconstitutional and void, because the same is in violation of and contrary to the Constitution of this State, and same does deprive the defendants of their property without due process of law. It is class legislation, and is inoperative, because it is not general in its application. Acts of 27th Leg., ch. 117, p. 283; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150.

*Henderson & Fowler,* for appellee.—Under the statute a penalty is recoverable for each time the railway permits Johnson grass to mature and go to seed on its right of way. Acts 27th Leg., ch. 117, p. 283.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought by the appellees in the County Court of Milam County, alleging that, during the years 1902 and 1903, the appellant permitted Johnson grass to mature and go to seed upon its right of way, and that their lands which were contiguous to the same were thereby injured, and for which they asked the statutory penalty of $25 for each year. Further, that this Johnson grass so maturing and going to seed upon the right of way infected their lands and injured the same, for which they asked additional damages.

Appellant replied by general demurrer, by special exception and general denial.

The case was submitted to the court without a jury, and judgment rendered in favor of appellee in the sum of $230. The court below filed conclusions of fact and law, which are as follows:

*"Findings of Fact.*—1. I find that defendant, Gulf, Colorado & Santa Fe Railway Company, is, and was during the years 1902 and 1903, a railway corporation, duly incorporated under the laws of the State of Texas, and owned and operated a line of railway through the county of Milam in said State, and between the towns of Cameron and Buckholts, in said county, and during said years plaintiffs owned and were possessed of a tract of land in said county on the James Reed and J. A. De Pena grants, lying contiguous to the right of way of said railroad, and between said towns of Cameron and Buckholts, and about five miles north of Cameron, and containing about one thousand two hundred acres of land, and that said railway runs contiguous to and through said land.

"2. During each of said years 1902 and 1903 defendant permitted Johnson grass to mature and go to seed upon its right of way so owned and controlled by it at said point contiguous to plaintiffs' said land.

"3. That plaintiffs did not permit any Johnson grass to mature and go to seed upon their said land during either of the said years 1902 and 1903.

"4. That plaintiff's tract of land was farm land, and in a high state of cultivation during said years, and by reason of the lay of the land, and the drainage thereof, the water falling on said right of way drained therefrom into plaintiffs' said land, which was well known to the de-

fendant, and that the defendant negligently permitted the Johnson grass, which is a noxious grass, and of a character calculated to spread upon and injure farm land, to become set in and to grow upon said right of way, and during said years negligently permitted same to go to seed thereon, and that during times of rainfall, and during times of winds, the seed so maturing upon said right of way were carried by the water and wind therefrom and into plaintiffs' said farm land contiguous thereto, and said seed so carried thereon sprouted and took root in said farm land, and injured and damaged same, and plaintiffs have been damaged and injured in the value of their said land in the sum of $180, and that defendant's action in so permitting said Johnson grass to grow upon said right of way, and to mature and go to seed thereon, and to scatter therefrom over plaintiffs' said land, was an act of negligence on the part of defendant.

*"Conclusions of Law.*—That, by reason of the facts above found, defendant is liable to plaintiffs for the penalty of $25 for permitting Johnson grass to go to seed on its right of way during the year 1902, and to the penalty of $25 for permitting Johnson grass to go to seed upon its right of way during the year 1903, making the aggregate of penalties the sum of $50. That defendant is further liable to plaintiffs in the sum of $180 for damages."

We are of opinion that the findings of fact of the court below are supported by testimony; and that the conclusions of law of the court, in view of its findings of fact, are correct. We think that, under the law, appellee was entitled to recover the penalty of $25 for each time alleged and proven that the railroad company permitted Johnson grass to mature or go to seed upon its right of way (Acts of 1901, 27th Leg., p. 283). Appellant contends that said Act of the Legislature is unconstitutional and void, upon the grounds that it deprives the appellant of its property without due process of law, and is class legislation, and is not general in its application. We are of the opinion that the Act is not unconstitutional upon any of the grounds stated. This court, in the case of International & G. N. Ry. Co. v. Shelton (81 S. W. Rep., 794, 10 Texas Ct. Rep., 516), held this Act was not unconstitutional upon the ground that it was class legislation and not general in its application. Citing Missouri, K. & T. Ry. Co. v. May, decided by the Supreme Court of the United States, and reported in 194 U. S., 267.

We do not think there is any merit in the contention that the Act is unconstitutional on the ground that it deprives the appellant of its property without due process of law.

We have examined and considered all of appellant's assignments of error, and are of opinion that none of them is well taken.

There being no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*