## UNITED STATES v. DENNIS.
### Cr. No. 441–47.

District Court for the District of Columbia.

June 13, 1947.

George Morris Fay, U. S. Atty. for D. C., and John W. Fihelly, Asst. U. S. Atty. for D. C., both of Washington, D. C., for United States.

Joseph R. Brodsky, of New York City, for defendant.

KEECH, Associate Justice.

This cause came on for hearing on defendant's motion to dismiss, motion to take testimony in aid of motion to dismiss, and motion to inspect the minutes of the Grand Jury, and the memorandum of the Government in opposition thereto, as well as lengthy argument of counsel.

In substance, the motion to dismiss is reducible to the following points:

1. House Resolution 5 of the 80th Congress is unconstitutional in so far as it continues the House Committee on Un-American Activities.

2. The House Committee on Un-American Activities, before which defendant was summoned to appear, was not a committee of the House of Representatives, in that it did not consist exclusively of members of the House of Representatives, but included one who was not legally a member of the Congress, hence not a proper party to be a member of the Committee.

3. The indictment fails to set forth an offense.

4. Section 192 of Title 2 U.S.C.A., as construed and applied together with House Resolution No. 5, is violative of the Constitution.

5. The indictment fails to show compliance with Section 194 of Title 2 U.S.C.A.

1. Counsel for defendant attacks the constitutionality of House Resolution 5, 80th Congress, which continued in effect Rule XI of the House of Representatives as enacted in Public Law 601, c. 753, 79th Congress, approved August 2, 1946, 60 Stat. 812, 828, creating and defining the duties of the House Committee on Un-American Activities. The pertinent paragraphs of that Act provide:

"The Committee on Un-American Activities, as a whole or by subcommittee, is authorized to make from time to time investigations of (i) the extent, character, and objects of un-American propaganda activities in the United States, (ii) the diffusion within the United States of subversive and un-American propaganda that is instigated from foreign countries or of a domestic origin and attacks the principle of the form of government as guaranteed by our Constitution, and (iii) all other questions in relation thereto that would aid Congress in any necessary remedial legislation.

"The Committee on Un-American Activities shall report to the House (or to the Clerk of the House if the House is not in session) the results of any such investigation, together with such recommendations as it deems advisable." Section 121, rule 11(q).

It is contended that the resolution purports to create a committee to consider matters outside the express powers delegated to the Congress by the Constitution, and that the Congress cannot appoint a committee of inquiry outside the power to legislate, to judge of the elections or qualifications of its members, or to impeach. It is further argued that the resolution purports to create a committee to exercise powers expressly reserved to the people by the Tenth Amendment and in violation of the First Amendment, and that it sets up no recognizable standards either for the scope of the investigation or for the conduct of the committee and therefore violates the Fifth Amendment of the Constitution.

■ Counsel for defendant argues that, as the Constitution contains no reference to Congressional authority to deal with either "propaganda" or "propaganda activities", no such authority exists.

The subject matter of the investigations by the House Committee on Un-American Activities, authorized by Rule XI, namely, "the extent, character, and objects of un-

American propaganda activities in the United States", and "the diffusion within the United States of subversive and un-American propaganda that is instigated from foreign countries or of a domestic origin and attacks the principle of the form of government as guaranteed by our Constitution," is comparable to that dealt with by the Foreign Agents Registration Act of 1938, as amended April 29, 1942, 22 U.S.C.A. § 611 et seq., which was enacted "to protect the national defense, internal security, and foreign relations of the United States by requiring public disclosure by persons engaging in propaganda. activities and other activities for or on behalf of foreign governments, foreign political parties, and other foreign principals so that the Government and the people of the United States may be informed of the identity of such persons and may appraise their statements and actions in the light of their associations and activities." Prosecutions under the Registration Act have been sustained by the Supreme Court. Viereck v. United States, 78 U.S.App.D.C. 279, 139 F.2d 847; certiorari denied 321 U.S. 794, 64 S.Ct. 787, 88 L.Ed. 1083.

■ It is further contended that "propaganda is speech" and any legislation which might result from the Committee's activities would therefore violate the First Amendment to the Constitution, which guarantees the right of free speech. In support of this position it is stated that the Committee, in more than ten years of existence, has never suggested a single constitutional measure for adoption by the Congress.

Freedom of speech is not absolute. It is significant· that defendant's brief concedes that freedom of speech is not without limitation, for he there states, as of necessity he must, "the power of Congress to legislate in the area of speech is severely restricted," and, again, that "present legislation well nigh covers the entire range of' possible Constitutional proscription of speech."

The necessity for investigation and inquiry into matters affecting, or which may affect. our government is one of prime importance. In McGrain v. Daugherty, 273 U.S. 135, 174, 47 S.Ct. 319, 328, 71 L.Ed. 580, 50 A.L.R. 1, the Court stated: "We are of the opinion that the power of inquiry —with process to enforce it—is an essential and appropriate auxiliary to the legislative function. It was so regarded and employed in American Legislatures before the Constitution was framed and ratified. * * *"

■ That no proposed legislation is pending or may result therefrom, is of no concern. The fact, if such be the case, that no legislation has emanated from the Committee in no wise affects its validity. Townsend v. United States, 68 App.D.C. 223, 226, 95 F.2d 352; certiorari denied, 303 U.S. 664, 58 S.Ct. 830, 82 L.Ed. 1121. It might well be that as the result of such investigation or inquiry Congress would be so advised as to prevent enactment of detrimental legislation. On occasions Congress desires to look into the advisability of proposed amendments to the Constitution. To take this vital step certainly requires adequate investigation and inquiry.

■ It is suggested that the possible field within which the Congress could legislate with reference to the subject under inquiry is vested in other committees. The defendant is not in a position to complain of this. Furthermore, the resolution in question specifically provides that the Committee shall report to the Congress. It may well be that, on presentation, such report would be referred to another committee, or to several committees, for consideration and possible action.

■ Counsel for defendant contends that the resolution violates the Fifth Amendment because it sets up no recognizable standards either for the scope of the investigation of the Committee or for its conduct.

To require such precision in a resolution authorizing a Congressional investigation that a witness could anticipate the exact scope of the investigation could, and probably would, in many instances defeat the purposes intended by the Congress, namely, to investigate to see what legislation, if any, should be enacted, or to obtain information on which to base a determination that no legislation is desirable.

In United States v. Bryan, D.C., 58 F. Supp. 72, Mr. Justice Holtzoff has stated, citing McGrain v. Daugherty, supra, that "if it appears that the matter to be investigated is relevant or material to some subject over which the Congress may legislate * * * the power to conduct the investigation exists."

In re Chapman, 166 U.S. 661, 670, 17 S. Ct. 677, 681, 41 L.Ed. 1154, held that a resolution authorizing a Congressional investigation need not declare in advance what the Congress "meditated doing when the investigation was concluded."

■ The defendant in this cause is without authority to challenge the validity of the Committee merely by virtue of certain utterances by it or its members. Relying on such statements, the defendant seeks to anticipate that the action, if any, by the Committee and, through the Committee, by the Congress would be violative of the Constitution. This he cannot do. The Supreme Court in Missouri, Kansas & Texas Ry. Co. v. May, 194 U.S. 267, 270, 24 S.Ct. 638, 639, 48 L.Ed. 971, said: " * * * it must be remembered that legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts." Again, in United States v. Lovett, 328 U.S. 303, 319, 66 S.Ct. 1073, 1081, 90 L.Ed. 1252, Mr. Justice Frankfurter, in his concurring opinion, stated: "Particularly when Congressional legislation is under scrutiny, every rational trail must be pursued to prevent collision between Congress and Court."

■ Proceeding from the principle, as aptly stated by Mr. Justice Frankfurter, that "the Court's duty (is) so to deal with congressional enactments as to avoid their invalidation unless a road to any other decision is barred," it follows with greater force that a court should not attempt, by crystal-gazing, to anticipate actions of a Congressional committee and through such medium determine that its acts will be invalid.

Counsel for defendant cites United States v. Lovett, supra, as casting doubt on the validity of the Committee on Un-American Activities. The opinion in this case is not applicable to the instant situation. There the Court was passing upon the validity of a legislative provision which it held to be a bill of attainder, in that punishment was inflicted upon certain individuals without a judicial trial. Such is not the situation in the present case.

From a practical viewpoint, the position of the defendant is that he may dictate the terms and conditions under which he will appear before the Committee. This is untenable. To hold otherwise would be to render the agencies of the Congress, such as committees, impotent.

The Court therefore finds that House Resolution 5 and the Committee on Un-American Activities created thereunder are not violative of the Constitution.

■ Having held the resolution and the committee created thereby to be valid, the question for determination here is whether or not it was within the power of the Committee to summon the defendant to appear before it. The right of the Committee to require attendance for purposes of appropriate hearing cannot be challenged. McGrain v. Daugherty, supra.

■ 2. Counsel for the defendant asks that, if the Government challenge his representations with reference to the apportionment of representation from the State of Mississippi, the Court set down the matter for submission of proof.

In its discussion of the Fourteenth Amendment, Watson on the Constitution (Vol. II, p. 1653) states: "Congress has never exercised the power conferred upon it by this section of reducing the representation of a State in the House of Representatives, but there can be no question of its power or its right to do so. Of its duty to do so, it alone is the judge. The amendment places the responsibility of enforcing its provisions upon that body."

The Court holds as a matter of law that it is not its function to pass upon the issue presented by the motion to take testimony in aid of the motion to dismiss, and the motion is therefore denied.

■ 3. The indictment adequately advises the defendant of the precise nature of the offense with which he is charged, and conforms with the Federal Rules of Crim-

inal Procedure, 18 U.S.C.A. following section 687.

 4. Counsel for defendant challenges the constitutionality of Section 192 of Title 2 U.S.C.A., as construed and applied together with House Resolution 5, on the ground that it does not provide an ascertainable standard of guilt. With this the Court does not agree.

In this connection it is important to keep in mind that the specific charge here is a willful failure to respond in answer to a subpoena issued by a Committee of the House, authority for which is specifically found in 2 U.S.C.A. § 192. No difficulty could have been experienced by the defendant in knowing that he was required to appear and to testify to matters of inquiry committed to the Committee, and when he failed to comply, he did so at his own risk.

The statute which the defendant is charged with violating is not and is not claimed by him to be vague and indefinite. Rather, he attacks the resolution creating the Committee, claiming that its terms are not clear to him. His contention is a collateral attack upon a resolution designed to instruct and limit a Congressional Committee. As stated by Mr. Justice Holmes in Nash v. United States, 229 U.S. 373, 33 S. Ct. 780, 781, 57 L.Ed. 1232, even where the accused is under the direct imposition of a criminal statute, "the law is full of instances where a man's fate depends on his estimating rightly, that is, as a jury subsequently estimates it, some matter of degree." This principle is even more applicable where there is under consideration, as here, a resolution of Congress relating to an investigation.

 5. Counsel for defendant attacks the indictment on the ground that it fails to show compliance with Section 194 of Title 2 U.S.C.A. This is a matter of defense. In re Chapman, 166 U.S. 661, 667, 17 S.Ct. 677, 41 L.Ed. 1154.

Other questions raised by the motion to dismiss I find to be without merit.

Counsel for the defendant petitioned the Court to ascertain and make use of in connection with this motion matters before the Grand Jury. This petition is denied in that the Court holds as a matter of law that the letter of the defendant to the Chairman of the Committee on Un-American Activities dated April 8, 1947, is not a bar to prosecution for failure to attend.

The motion to dismiss, motion to take testimony in aid of motion to dismiss, and motion to inspect the minutes of the Grand Jury are denied.