454

424 A.2d 1278

**In re Involuntary Termination of Parental Rights to B. M. D. and R. L. D.**

**Appeal of L. L. D.**

Supreme Court of Pennsylvania.

Submitted Oct. 13, 1980.

Decided Feb. 4, 1981.

Roger M. Morgenthal, Carlisle, for appellants.

Ruby D. Weeks, Carlisle, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Based on ample evidence of record, the Court of Common Pleas of Cumberland County, Orphans' Court Division, agreed with appellee Cumberland County Children's Services that, from February 7, 1977, to November 9, 1977, a period in excess of nine months, appellant L.L.D. maintained absolutely no contacts with his two sons, B.M.D. and R.L.D. Pursuant to section 311(1) of the Adoption Act of 1970, Act of July 24, 1970, P.L. 620, 1 P.S. § 311(1) (Supp.1980), which authorizes termination of parental rights where a parent "for a period of at least six months . . . has refused or failed to perform parental duties . . .," the orphans' court entered a final decree terminating appellant's rights. This appeal followed.

Appellant does not dispute the orphans' court determination that appellant maintained no contacts with his sons. Indeed, this determination of fact, supported by the record, may not be disturbed. See e. g., *Hamill Estate*, 487 Pa. 592, 410 A.2d 770 (1980); *In re C.A.W.*, 487 Pa. 163, 409 A.2d 16 (1979); *In re William L.*, 477 Pa. 322, 383 A.2d 1228, cert. denied, 439 U.S. 880, 99 S.Ct. 216, 58 L.Ed.2d 192 (1978); *Cohen Will*, 445 Pa. 549, 550, 284 A.2d 754, 755 (1971).

What appellant does dispute is the orphans' court conclusion that termination is appropriate even though, in appellant's view, appellee did not make appellant sufficient-

ly aware of the consequences of his failure to perform parental duties. In *In re I. L. G.*, 492 Pa. ——, 424 A.2d 1306 (J. 326 of 1980, filed 1981), we considered substantially the same claim. There, despite its finding that the natural parent refused or failed to perform parental duties for a period in excess of the statutory six month period, the orphans' court refused to terminate parental rights because a children's services agency failed to "inform [the parent] of the possible consequences of . . . failure to perform . . . parental duties." Relying upon the traditional and fundamental principle that "the parental obligation is a positive duty which requires affirmative performance," *In re Burns*, 474 Pa. 615, 624, 379 A.2d 535, 540 (1977), (see also *In re Adoption of Orwick*, 464 Pa. 549, 347 A.2d 677 (1976); *In re Adoption of Mehlon Nichelle McCray*, 460 Pa. 210, 331 A.2d 652 (1975); *Appeal of Diane B.*, 456 Pa. 429, 321 A.2d 618 (1974); *In re Smith's Adoption*, 412 Pa. 501, 194 A.2d 919 (1963)), this Court concluded that neither the Adoption Act nor our cases support a refusal to terminate on this ground.

> "Our courts are without authority to engraft upon the Adoption Act a provision conditioning a parent's obligation to perform affirmative parental duties only upon 'warning' by a children services agency. This the Legislature did not do and we may not intrude into this exclusive province of legislative judgment. As Justice Holmes observed in *Missouri, Kansas and Texas Railway Company v. May*, 194 U.S. 267, 270, 24 S.Ct. 638, 639 (1904), 'legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts.'"

*In re I. L. G.*, 492 Pa. 507, 424 A.2d 1306. As in *I. L. G.*, appellant's contention that termination is improper must be rejected.*

Decree affirmed. Each party pay own costs.

NIX, J., files a dissenting opinion.

---

* Appellant, fully represented by counsel at the hearing on appellee's termination petition, also disputes the refusal of the orphans' court to continue the proceedings a third time so that appellant could personally appear. Appellant cites nothing in the Adoption Act or our

NIX, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *In re: I. L. G.*, 492 Pa. 507, 424 A.2d 1306 (1981).

cases which mandates the presence of the parent whose rights are the subject of a termination petition. Thus whether a continuance should be granted is for the discretion of the orphans' court. See 4 Std.Pa.Prac. Ch. 19 (Continuances), § 4 at pp. 617–18 (1955) (citing cases). This record, reflecting two previous continuances to accommodate appellant, reveals no abuse of discretion. Indeed, the court held the record open fifteen days after its hearing to permit appellant an opportunity to substantiate the need for an additional continuance. No such substantiation was presented.