539 A.2d 883

**In the Matter of the ADOPTION OF S.B.B. and E.P.R.**

**Appeal of E.O.B. and S.L.R.**

**Appeal of YORK COUNTY CHILDREN AND YOUTH SERVICES.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1988.

Filed March 29, 1988.

1. Due to the decision we reach on Sweitzer's first issue, we need not consider the remaining two issues.

John J. Moran, II, York, for appellants.

Carolyn S. Lasky, York, for appellees.

Before CAVANAUGH, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the trial court terminating the parental rights of appellants. Appellants claim that the trial court erred in (1) refusing to grant appellants' motions for a continuance and (2) finding sufficient grounds to terminate appellants' parental rights. For reasons discussed below, we affirm the determination of the trial court.

458

On December 11, 1981, following the death of the six-week-old son of E.O.B. and S.L.R., appellants, the York County Children and Youth Services (YCC & YS) filed a dependency petition with the York County Court of Common Pleas, Juvenile Division, regarding the couple's daughter, E.P.R. The trial court adjudicated E.P.R. dependent on December 14, 1981, and placed legal and physical custody with YCC & YS. Soon after another child, S.B.B., was born in 1983, the court adjudicated her dependent and also placed legal and physical custody with YCC & YS.

On December 28, 1983, YCC & YS filed separate petitions to terminate the parental rights of appellants as to E.P.R. and S.B.B. The trial court entered a decree nisi, denying the petitions. On August 16, 1985, this Court remanded the case for a rehearing. Appellants were not present at the rehearing, which convened on February 27, 1986. E.O.B., who had been convicted of third-degree murder for the death of his son, had fled to Virginia Beach, Virginia. In December 1985, authorities in Virginia Beach had taken E.O.B. into custody on a fugitive warrant. S.L.R. had gone to Virginia Beach to be with E.O.B. The trial court denied appellants' request for a continuance. On December 19, 1986, the trial court entered an adjudication and a decree nisi terminating the parental rights of appellants.

■■■ Appellants claim that the trial court should have granted a continuance because E.O.B. was incarcerated in a state correctional institution and S.L.R. was unable to arrange transportation to the hearing. Appellant, however, cites nothing in the Adoption Act or in case law which mandates the presence of the parent whose rights are the subject of the termination petition. *See In Re: B.M.D. and R.L.D.*, 492 Pa. 454, 424 A.2d 1278 (1981). Therefore, the grant or denial of a continuance is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Id.; see also Princess Hotels Internat'l v. Hamilton,* 326 Pa.Super. 226, 473 A.2d 1064 (1984).

Pa.R.C.P. 216 provides the following grounds for continuance:

(1) Agreement of all parties or their attorneys, if approved by the Court;

(2) Illness of counsel of record, a material witness, or a party....;

(3) Inability to subpoena or to take testimony by deposition, commission, or letters rogatory, of any material witness, shown by affidavit ...;

(4) Such special ground as may be allowed in the discretion of the court.

Pa.R.C.P. 216.

We find none of the above enumerated grounds present in the instant case. Further, we determine that the trial court did not abuse its discretion in refusing to grant appellants' request when they voluntarily left the jurisdiction and were not present for the hearing.

█ Next, appellants claim that there was not clear and convincing evidence to support the termination of their parental rights. Our Supreme Court has recently reiterated that:

[T]he scope of appellate review where the Orphan's Court has involuntarily terminated a natural parent's right to a child is limited to the determination of whether the decree of termination is supported by competent evidence. *See In re Adoption of Faith M.*, 509 Pa. 238, 240, 501 A.2d 1105, 1106 (1985), and cases cited therein. The burden is on the party seeking termination to show by "clear and convincing" evidence that grounds to terminate exist. *Id.* at 240, 501 A.2d 1106; *In the Matter of the Adoption of G.T.M.*, 506 Pa. 44, 46, 483 A.2d 1355, 1356 (1984).

*In the Matter of the Adoption of C.A.E.*, 516 Pa. 419, 421–422, 532 A.2d 802, 803–804 (1987).

Instantly, the juvenile court determined that appellee had satisfied two of the grounds for involuntary termination of the rights of a parent contained in the Adoption Act. The pertinent section of the Act provides:

(a) **General rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent....

(5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child....

23 Pa.C.S.A. § 2511.

In determining that appellee had met its burden of showing by clear and convincing evidence that the statutory grounds were met, the juvenile court adopted the findings of fact from the July 10, 1984, adjudication and made additional findings of fact. These findings of fact are summarized as follows.

Until December 1981, E.P.R. resided with her parents, the appellants, who were not married to each other. E.O.B. was married to Donna Barshinger, who also lived in the residence with both parents of the children. In October, 1981, D.M.B. was born to appellants. Six weeks later, the child died as the result of brain injury caused by pressure inflicted upon his skull by E.O.B. Appellees subsequently petitioned the juvenile court alleging that the death indicated potential danger to E.P.R. if left in the custody of her parents. The court adjudged E.P.R. dependent and temporary custody was awarded to appellees. Soon after S.B.B. was born in 1983, appellees similarly petitioned the juvenile court. By agreement of both parents, S.B.B. was adjudged dependent and custody was placed with the agency.

At hearings before the juvenile court in 1982 and 1983, appellants were granted visitation rights and were instructed to obtain therapy and correct the family living situation. Appellants, however, only visited the children ten times in thirty-two weeks, failed to regularly attend therapy sessions, and refused to correct the living situation.

A clinical psychologist testified that in his opinion, S.L.R. was unstable, impulsive, rebellious, unpredictable, and uncleanly. A nurse testified that S.L.R. admitted to using drugs during the early months of her pregnancy with E.P.R. and continued to use drugs. Further evidence established that S.L.R. failed to visit her children because she went to Virginia Beach to be with E.O.B., whom she accompanied while he was fleeing to prevent service of a prison term for the murder of his son.

The juvenile court concluded that (1) both children had been the subject of repeated and continuous incapacity or neglect by their parents, leaving the children without essential parental care necessary for their well-being; (2) both children had been removed from the care of their parents for a period of six months pursuant to a court order, and that the conditions that led to the removal continued to exist; (3) the conditions of the incapacity or neglect could not or would not be remedied by the parents within a reasonable period of time; and (4) termination of the parental rights of each parent would best serve the needs and welfare of each child.

We find that the juvenile court's conclusions are supported by the record. Therefore, the determination of the trial court will not be disturbed.

The order of the juvenile court is affirmed.

CAVANAUGH, J., dissents.

CAVANAUGH, Judge, dissenting:

I respectfully dissent from the majority's disposition of the instant appeal. Regardless of the facial merit of the claim for termination, the nature of the action requires a deliberate recognition of the natural parents' due process

rights. This court has consistently recognized that "[T]he finality of termination of a natural parent's rights to his child and the harsh connotations thereof carry great emotional impact on both child and parent and for that reason the law has been unwilling to terminate a natural parent's rights unless the record clearly warrants such a finding." *In re Adoption of P.*, 475 Pa. 197, 204, 380 A.2d 311, 314 (1977) (citation omitted); *In Re Santelia*, 318 Pa.Super. 413, 417, 465 A.2d 21, 23 (1983) (when considering the involuntary termination of parental rights, this court should be "mindful of the irreversible nature and serious emotional impact" involved in such a decision.) (*quoting In re Adoption of Orwick*, 464 Pa. 549, 555, 347 A.2d 677, 680 (1975); *Matter of M.L.W.*, 307 Pa.Super. 29, 33, 452 A.2d 1021, 1024 (1982) ("Because of the importance placed on the family, the Commonwealth may disrupt the parent-child relationship only upon a clear showing of necessity; moreover, even if removal is necessary to protect the child, every effort should be made to reunite the family.") (citation omitted); *Santosky v. Kramer*, 455 U.S. 745, 753–754, 102 S.Ct. 1388, 1394–1395, 71 L.Ed.2d 599, 606 (1982) ("When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures.") (Footnote omitted).

Several factors warrant a remand of this case. Initially, it is important to note that the hearing at issue was scheduled for February 27, 1986, and appellants requested a continuance until the end of March.[1] Given the fact that this matter has been in litigation for a considerable period of time, a one month continuance would not appear to be unreasonable or excessive. Pennsylvania Rule of Civil Procedure 216(A)(4) provides that the following is a basis for allowing a continuance: "Such special ground as may be allowed in the discretion of the court." In view of the fact

---

1. According to a letter appended to the brief of the childrens' attorney, Dorothy Levadites, Esq., appellants' attorney received telephone calls from the parents "requesting that the hearing in the above matter now scheduled for Thursday, February 27, 1986 at 1:30 P.M. be continued until the end of March." Addendum III page 1. (Letter from John J.

that the appellants are faced with the permanent loss of their two children, I would find that the requisite criteria have been satisfied and the trial court's denial was an abuse of discretion. It matters not that appellant father's failure to appear at the rehearing in February was occasioned by the fact that he was then in the process of fighting extradition to Pennsylvania. He was fully entitled to take such action and should not be penalized for exercising his rights.

Moreover, the hearing below was conducted by the court sitting without a jury. Accordingly, rescheduling would not have caused a significant amount of inconvenience.

Finally, as the attorney for the children asserted in her brief, "[The children] have progressed very well in foster care and have become bonded to the foster parents, with whom they have lived since the initial placements." Accordingly, it is evident that a one month delay would not have had a negative impact upon the children who were then enjoying adequate care.

For all of the above reasons, I find that the lower court abused its discretion in refusing to grant the appellants' request for a continuance. Accordingly, I would remand for a rehearing.

Moran, II, Esq. to the Honorable Robert I. Shadle, dated February 20, 1986.)