### In the Matter of ENGINEERING PRODUCTS CO., INC., Debtor in Possession.

**Bankruptcy No. 90–03717–RAE.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 16, 1990.

Randall D. Crocker, Ross Sharkey and Paul Milakovich, for Engineering Products Co., Inc.

John R. Byrnes, U.S. Trustee.

Thomas P. Solheim, Denis P. Bartell, Thomas D. Zilavy, and Wade Fletcher, for Support Services Intern., Inc.

Paul S. Medved, for Transamerica Commercial Finance Corp.

Jeffrey E. Schelble, for the Official Creditors' Committee.

David Mitchell, for Polaris Industries.

Jon B. Albrightson, for Sterling Financial Group, Inc.

L. Martin LeBus and Jeffery D. Nordholm, for Turner.

DECISION OF MOTION OF THE DEBTOR IN POSSESSION TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363(b) AND (f).

RUSSELL A. EISENBERG, Bankruptcy Judge.

Engineering Products Co., Inc., a Chapter 11 debtor in possession ("EPC"), with the approval of the Official Committee of Unsecured Creditors, wants to sell substantially all of its assets pursuant to 11 U.S.C. § 363(b)(1) and (f)(3).[1] No formal disclosure statement or proposed plan has been filed. The United States trustee objects and asserts that a sale of substantially all assets of a Chapter 11 debtor in possession can be accomplished only pursuant to a plan. The court disagrees and rules that a § 363(b) and (f) sale of all, or substantially all, assets of a debtor in possession may take place other than in a plan, provided that the sale meets the standards stated in this decision.

This decision is in accord with the majority position taken by the Second, Third, and Sixth Circuits. The Second Circuit permits such sales but requires "some articulated business justification ... for using, selling, or leasing property out of the ordinary course of business before the bankruptcy judge may order such disposition under section 363(b)." *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir.1983). It is necessary "that a judge determining a § 363(b) application expressly find from the evidence presented ... at the hearing a good business reason to grant such an application." *Lionel,* 722 F.2d at 1071. The court must "consider all salient factors." *Id.*

The Third Circuit additionally requires the bankruptcy court to make an explicit finding that a purchaser acted in good faith in the course of the sale. There must be no fraud, collusion or an attempt to take grossly unfair advantage of other bidders by a single purchaser. *In re Abbotts Dair-*

---

1. 11 U.S.C. § 363(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property cf the estate.

   11 U.S.C. § 363(f)(3) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property.

*ies Pennsylvania, Inc.*, 788 F.2d 143, 147 (3rd Cir.1986). There must be a showing that the purchase price is fair and reasonable, that the sale is in the best interest of the estate, and that the assets will substantially diminish in value if not immediately sold. *Abbotts Dairies*, 788 F.2d at 146.

Adopting the reasoning of *In re Lionel*, the Sixth Circuit approved a sale of all assets of the debtor, a radio station. The court ruled that a sale can be authorized "when a sound business purpose dictates such action." *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389–90 (6th Cir. 1986), citing *In re Lionel Corp.*

The Fifth Circuit disagrees. It appears to compel a sale to take place pursuant to a plan. See *In re Braniff Airways, Inc.*, 700 F.2d 935 (5th Cir.1983), *rehearing denied* 705 F.2d 450 (5th Cir.1983). This court respectfully disagrees with this holding in *Braniff*.

The Bankruptcy Courts in the Eastern District of Wisconsin have permitted a sale of all assets of a debtor other than in a confirmed plan. In *Beco Stores of Delaware, Inc.*, Case No. 79–02036 (Bankr.E.D. Wis.1979), the debtor in possession operated a large number of specialty stores for women in a number of states. The case was filed near Thanksgiving, and it was imperative that the inventory be sold before the end of the year. The court required counsel for the debtor in possession to give immediate notice of the proposed sale to all interested parties and required the notice to be in the nature of a disclosure statement. The going-out-of-business sale resulted in the payment of substantially all unsecured debt. If the court would have required Beco Stores to obtain approval of a disclosure statement and a plan of liquidation, the Christmas selling season would have been missed, and the return to unsecured creditors would have been minimal.

Bankruptcy law and practice evolve over the years, which is to be expected, as bankruptcy practice is an art and is, in good part, experiential. Earlier cases required a showing of an emergency or referred to the perishable nature of property being sold. *In re White Motor Credit Corp.*, 14 B.R. 584 (Bankr.N.D. Ohio 1981). Those standards are now rarely followed. As lawyers and judges continue to gain experience in Chapter 11 matters, it becomes increasingly clear that what is most important are the aims and objectives of bankruptcy's underlying policies, not merely procedural formalities. It is important, when possible, to save jobs, (Cf. *In re Bildisco*, 682 F.2d 72 (3rd Cir.1982), *aff'd*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), to maximize the return to interested persons and to assist the economy in general.

Professor Douglas G. Baird and Dean Thomas H. Jackson recently pointed out in their *Teacher's Manual for Cases, Problems, and Materials on Bankruptcy*, Second Edition, Little, Brown and Co., 1990, at page 261:

> The usual wisdom is that Chapter 11 exists when you want to try to preserve a firm as a going concern and that Chapter 7 is for those cases in which you want to liquidate the firm. But this is not right. Quite apart from the fact that in practice Chapter 11s typically end up in Chapter 7 or in some other kind of dissolution, Chapter 11s themselves can involve piecemeal sales of the assets and Chapter 7 can involve a going concern sale of the business. Indeed, the trustee may have a duty to sell the firm as a going concern or liquidate it, depending upon which will bring the most money for it. This is true regardless of whether we are in Chapter 7 or 11.

As is stated in *Lionel*, 722 F.2d at 1069, "[A] bankruptcy judge must not be shackled with unnecessarily rigid rules when exercising the undoubtedly broad administrative power granted ... under the Code. As Justice Holmes once said in a different context, '[s]ome play must be allowed for the joints of the machine ...'" *Lionel*, 722 F.2d at 1069, citing *Missouri, Kansas Ry. Co. v. May*, 194 U.S. 267, 270, 24 S.Ct. 638, 639, 48 L.Ed. 971 (1904).

In *In re Weyland*, 63 B.R. 854, 862 (Bankr.E.D.Wis.1986), Judge James E. Shapiro, citing *In re Interstate Restaurant*

*Systems, Inc.,* 61 B.R. 945 (Bankr.S.D.Fla. 1986), stated: "A bankruptcy court is not bound to rigidly adhere to procedural formalities and ignore the underlying equities.... If it appears that creditors will actually be prejudiced by adhering to the procedural requirements including plan confirmation, then the safeguards should yield to common sense and expediency." *Weyland,* 63 B.R. at 863, citing *Hurley, Chapter 11 Alternative: Section 363 Sale of All of the Debtor's Assets Outside a Plan of Reorganization,* 58 Am.Bankr.L.J. 233, 249 (1984).

In the case before the court, the notice of the sale given to all interested persons is similar in form to a brief disclosure statement. If the notice had been submitted as a disclosure statement, it would have been approved, with minor modifications,

It is preferable in a Chapter 11 case for a sale of all, or substantially all, of the assets of a debtor to take place pursuant to a confirmed plan. There are protections when a plan is confirmed. Exceptions to this general rule exist, however.

For a sale of all, or substantially all, assets of a Chapter 11 debtor to be approved without approval of a disclosure statement and a plan of liquidation, all of the standards stated in *Lionel, Stephens Industries* and *Abbotts Dairies,* as previously detailed, must be met. Of paramount importance is the existence of good faith—of full disclosure and fair dealing on the part of all interested parties. In addition, due process requirements must be addressed. Persons in interest must be given adequate notice of the sale and an opportunity to be heard and to object. The decision in each case must be fact-specific.

In conclusion, EPC is authorized to attempt to sell substantially all of its assets pursuant to § 363(b)(1) and (f)(3) in accordance with its fiduciary duties to its creditors. *Commodity Futures Trading Commission v. Weintraub,* 471 U.S. 343, 355, 105 S.Ct.1986, 1994, 85 L.Ed.2d 372 (1985). Any sale shall be subject to the criteria stated in this decision. The request of the United States trustee for the court to pro-hibit any sale of substantially all of the assets of the debtor in possession other than pursuant to an approved disclosure statement and confirmed plan is denied. The court will issue an order in advance with this decision.