697 A.2d 565

LEONARD VAN WINGERDEN, PLAINTIFF–APPELLANT, AND AT-
TORNEY GENERAL OF NEW JERSEY, INTERVENOR–APPEL-
LANT, v. LAFAYETTE TOWNSHIP, DEFENDANT–RESPON-
DENT.

Superior Court of New Jersey
Appellate Division

Submitted May 20, 1997—Decided July 22, 1997.

Before Judges PRESSLER, STERN and HUMPHREYS.

*John T. Lynch,* attorney for appellant.

*Peter Verniero,* Attorney General, attorney for intervenor-appellant (*Joseph L. Yannotti,* Assistant Attorney General, and *Gregory Romano,* Deputy Attorney General, on the brief).

*Laddey, Clark, Nicholson & Ryan,* attorneys for respondent (*Richard I. Clark,* on the brief).

*McTighe & McTighe,* attorneys for amicus curiae New Jersey Farm Bureau (*Arthur A. McTighe,* on the brief).

The opinion of the court was delivered by

HUMPHREYS, J.A.D.

Plaintiff challenged in the Tax Court the township's 1993 and 1994 tax assessment of plaintiff's greenhouse. After a trial, the Tax Court judge upheld the assessment. The judge found in an opinion reported at 15 *N.J.Tax* 475 (Tax Ct.1996), that: (1) plaintiff's greenhouse was real, not personal property; (2) a statute, *N.J.S.A.* 54:4–23.12, rendered the greenhouse exempt from real property taxation; and (3) the exemption statute violated the constitutional requirement that property be taxed under general laws and by uniform rules. *See N.J. Const.* art. VIII, § 1, ¶ 1(a). The plaintiff and the Attorney General filed a notice of appeal for each of the two years. We hereby consolidate the appeals and render one opinion as to both. The New Jersey Farm Bureau appears as *amicus curiae* in support of the constitutionality of the statute.

After a thorough review of the record and the arguments presented, we hold that the statutory exemption in *N.J.S.A.* 54:4–23.12 does not violate the New Jersey Constitution. We reverse

and remand for reconsideration as to whether the greenhouse falls within the statutory exemption.

## I

The greenhouse is made of glass and covers approximately an acre and a half. It is actually a combination of sixteen smaller greenhouses. The main greenhouse and a shipping house are set upon concrete footings. Both can be disassembled and their concrete footings removed from the land in which they are sunk. The Tax Court judge found that a small market exists for used greenhouses and some of their component parts.

Pursuant to the Farmland Assessment Act, *N.J.S.A.* 54:4–23.1 to –23.23, and paragraph 1(b) of Article VIII, Section 1 of the New Jersey Constitution, eligible farmlands are assessed at a lower standard than other lands within a taxing district. *See New Jersey State League of Municipalities v. Kimmelman,* 105 *N.J.* 422, 437, 522 *A.*2d 430 (1987). Additionally, structures which constitute single use agriculture or horticulture facilities are totally exempt from real property tax. *N.J.S.A.* 54:4–23.12. Included within the statutory definition of such single use facilities are structures which are "commonly known as seed starting plastic greenhouses, or other readily dismantled silos, [or] greenhouses...." *Ibid.* The Tax Court judge held that the Legislature by this statutory exemption, as amended in 1993, was attempting to accomplish indirectly what it could not constitutionally accomplish directly, that is exempt real property from taxation by classifying it as personal property.

A similar issue was presented in *General Motors Corp. v. City of Linden,* 293 *N.J.Super.* 99, 104, 679 *A.*2d 718 (App.Div.), *leave to appeal granted,* —— *N.J.* —— (1996). In that case, the Tax Court judge had declared unconstitutional the Business Retention Act, *N.J.S.A.* 54:4–1.13 to –1.16, on the ground that it also violated Art. VIII, section 1, paragraph 1(a) of the New Jersey State Constitution. That paragraph reads as follows:

Property shall be assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property shall be taxed at the general tax rate of the taxing district in which the property is situated, for the use of such taxing district.

[*N.J. Const.*, art. VIII, § 1, ¶ 1(a).]

We reversed the Tax Court. We held that the Business Retention Act was not facially unconstitutional. We said that the Legislature was classifying personal property, not attempting to exempt real property by classifying it as personal property. *General Motors, supra,* 293 *N.J.Super.* at 104, 679 *A.*2d 718. We said that the Legislature may classify property as personal property if the classification is reasonable. *Ibid.* We said further:

[w]e do not think it necessary to undertake an extensive analysis of the vagaries of the law of fixtures.... [F]ixtures are a variable hybrid, meaning different things in different contexts. It may mean in this context what the Legislature says it means so long as its definition does no violence to the basic law of real property, and we are satisfied that this one does not. That is to say, wherever the line of acceptable definition of a fixture may ultimately lie, this definition, in our view, is on the acceptable side of it.

[*Id.* at 107–08, 679 *A.*2d 718.]

We reach the same result in the present case. Defining a "readily dismantable" greenhouse as personal property and not real property or a fixture does not "do violence to the basic law of real property." As in *General Motors, supra:* "wherever the line of acceptable definition of a fixture may ultimately lie, this definition, in our view, is on the acceptable side of it." *Id.* at 108, 679 *A.*2d 718.

Furthermore, we must be mindful that a formidable burden is borne by one who asserts that a statute is unconstitutional. A statute will not be declared void unless its repugnance to the Constitution is clear beyond a reasonable doubt. *Harvey v. Board of Chosen Freeholders of Essex County,* 30 *N.J.* 381, 388, 153 *A.*2d 10 (1959). Every possible presumption favors the validity of an act of the Legislature. *New Jersey Sports & Exposition Authority v. McCrane,* 61 *N.J.* 1, 7, 292 *A.*2d 545 (1972).

As Justice Holmes stated:

Great constitutional provisions must be administered with caution. Some play must be allowed for the joints of the machine, and it must be remembered that legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts.

[*Missouri, Kansas, & Texas Railway Co. v. May*, 194 *U.S.* 267, 270, 24 *S.Ct.* 638, 639, 48 *L.Ed.* 971, 973 (1904) (Holmes, J.).]

 Further, the statute in this case reflects the intention of the Legislature to implement the will of the people as expressed in the 1963 constitutional amendment that provides for tax relief for farmland. The primary goal of the constitutional amendment and the Act was to save "family farms" and give farmers economic relief. *See Hovbilt, Inc. v. Township of Howell*, 138 *N.J.* 598, 619, 651 *A.*2d 77 (1994). We are especially reluctant to declare unconstitutional a statute implementing a constitutional provision. Accordingly, we hold that the statutory exemption for greenhouses set forth in *N.J.S.A.* 54:4–23.12 does not violate the New Jersey Constitution.

## II

The Township argues that the plaintiff's greenhouse is not an exempt structure under *N.J.S.A.* 54:4–23.12. The Township maintains that the greenhouse cannot be "readily dismantled" and that a portion of the structure "encloses a space within its walls used for ... office or sales space...." *See N.J.S.A.* 54:4–23.12(a).

The pertinent statutory language in the exemption statute is:

... the term "structures" *shall not include "single-use agricultural or horticultural facilities."* As used in this act, "single-use agricultural or horticultural facility" means property employed in farming operations and commonly used for either storage or growing, which is designed or constructed so as to be readily dismantled and is of a type which can be marketed or sold separately from the farmland and buildings and shall include, but not be limited to, temporary demountable plastic covered framework made up of portable parts with no permanent understructures or related apparatus, commonly known as seed starting plastic greenhouses, or other readily dismantled silos, greenhouses, grain bins, manure handling equipment, and impoundments, *but shall not include a structure that encloses a space within its walls used for housing, shelter, or working, office or sales space, whether or not removable.*

[*Ibid.* (emphasis added).]

The Tax Court judge found that plaintiff's greenhouse was exempt. The judge said:

> It is clear on the face of the statute that Taxpayer's greenhouse is within the definition of "structures" to be excluded from *N.J.S.A.* 54:4–1's "real property taxable." Greenhouses which are employed in a named horticultural activity and may be readily dismantled and sold separate from the farmland are specifically named in the statute.
>
> [*Van Wingerden v. Lafayette Township, supra*, 15 *N.J.Tax* at 496.]

The judge, however, did not address the Township's argument before us that the greenhouse is not exempt because a portion of the structure "encloses a space within its walls used for . . . office or sales space. . . ." Consequently, we remand for reconsideration as to whether plaintiff's greenhouse is an exempt structure under the statute.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.