763 A.2d 294

LEONARD VAN WINGERDEN, PLAINTIFF–RESPONDENT, v. LAFAYETTE TOWNSHIP, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 28, 2000—Decided December 19, 2000.

Before Judges PRESSLER, KESTIN and CIANCIA.

*Richard I. Clark,* argued the cause for appellant (*Laddey, Clark & Ryan,* attorneys; *Mr. Clark,* on the brief).

*John T. Lynch,* argued the cause for respondent.

PER CURIAM.

This litigation concerns the interpretation and application of *N.J.S.A.* 54:4–23.12a, a portion of the Farmland Assessment Act that exempts from property tax certain "single-use agricultural or horticultural facilities." We have previously held that the statute was not unconstitutional. *Van Wingerden v. Lafayette Township,* 303 *N.J.Super.* 614, 697 *A.*2d 565 (App.Div.), *certif. denied,* 152 *N.J.* 188, 704 *A.*2d 18 (1997). On remand to the Tax Court, the issue for resolution was whether a portion of the two attached greenhouses here under consideration, in the words of the statute, "encloses a space . . . used for . . . working, office or sales space" so as to preclude the tax exemption otherwise provided to a facility of this nature. In a detailed and well-reasoned opinion, Judge Kuskin analyzed the history and purpose of *N.J.S.A.* 54:4–23.12a, applied the facts to the statutory provisions, and concluded that no disqualifying activity was present in the greenhouse complex under review. 18 *N.J.Tax* 81 (Tax 1999).

We have reviewed the record and applicable law in light of the issues raised by appellant Lafayette Township. We are satisfied that Judge Kuskin's factual determinations are unassailable. The judges of the Tax Court have special expertise and their findings will not be disturbed unless they are clearly arbitrary or not grounded in substantial evidence. *Glenpointe Assoc. v. Tp. of Teaneck,* 241 *N.J.Super.* 37, 46, 574 *A.*2d 459 (App.Div.), *certif. denied,* 122 *N.J.* 391, 585 *A.*2d 392 (1990); *N.J.S.A.* 2B:13–6. We are also in agreement with his legal analysis of the statute. In our view his application of the facts to the law was without error. Accordingly, we affirm the judgment in favor of plaintiff Leonard Van Wingerden, substantially for the reasons set forth by Judge Kuskin in his published opinion. *See also R.* 2:11–3(e)(1)(A) and (E).

Affirmed.