**RULE 1128.  PRESENCE AT PROCEEDINGS**

A) **General Rule.**  All parties**, including the child,** shall be present at any proceeding unless the exceptions of paragraph (B) apply.

B) **Exceptions.**

1) **Absence from [p]Proceedings**.  The court may proceed in the absence of a party upon good cause shown except that in no case shall a hearing occur in the absence of a child's attorney.  If a child has a guardian *ad litem* and legal counsel, both attorneys shall be present.

2) **Exclusion from [p]Proceedings**.  A party may be excluded from a proceeding only for good cause shown.  If a party is so excluded, counsel for the party shall be permitted to be present.

C) **Advanced Communication Technology.**  A child or guardian may appear by utilizing advanced communication technology pursuant to Rule 1129.

D) **Court-Ordered Appearance.**  The court may order any person having the physical custody or control of a child to bring the child to any proceeding.


**Comment**

In no case is a proceeding to occur in the absence of the child's attorney.  The court has discretion whether to proceed if the court finds that a party received proper notice of the hearing and has willfully failed to appear.

Requiring the child's attorney to be present pursuant to paragraph (B)(2) protects the child's interest if the proceeding is conducted in the child's absence.  However, unless good cause is shown **by individual circumstances**, a child should **[appear] be present** in court.  *See also* **Pa.R.J.C.P. 1129(A)(2) (child shall appear in person at least every six months unless presence is excused).**  It is important that all children, including infants, appear in court so the court can observe the interaction between the caregiver and child and observe the child's development and health.  **Because a child may feel uncomfortable while attending proceedings, the court should take measures to ensure that the child understands the courtroom to be a place of safety and security.**

Ensuring a child appears in court on a regular basis is critical because the court oversees the child and is to ensure his or her care, protection, safety, and wholesome mental and physical development.  However, the court may ask that the child be removed from the courtroom during sensitive testimony.

*See In re Adoption of S.B.B. and E.P.R.,* **[372 Pa.Super. 456,]** 539 A.2d 883 (**Pa. Super.** 1988).

Nothing in these rules creates a right of a child to have his or her guardian present. *See* 42 Pa.C.S. §§ 6310, 6335(b), 6336.1.

**Official Note:** Rule 1128 adopted August 21, 2006, effective February 1, 2007**; amended April 21, 2011, effective July 1, 2011; amended October 14, 2020, effective January 1, 2021**.

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1128 published with the Court's Order at 36 Pa.B. 5599 (September 2, 2006). Final Report explaining the amendments to Rule 1128 published with the Court's Order at 41 Pa.B. 2327 (May 7, 2011). **Final Report explaining the amendments to Rule 1128 published with the Court's Order at 50 Pa.B. ___ (___ , 2020).**